JESSE W. MORGAN, GERALD SHORT, RONALD LEE COOK, *and*

LOETTA C. MORGAN

*v.*

JAMES PIZZINO, *Superintendent of the Wyoming County*

*Board of Education, and* MORRIS L. MEADOWS, SAM

FOGLESONG, FRANK LAXTON, JR., A. A. ROSE, *and* C. W.

COOK, JR., *members of the Wyoming County Board of*

*Education, and* THE WYOMING COUNTY BOARD OF

EDUCATION

(No. 14493)

Decided July 17, 1979.

*Warren R. McGraw* for petitioners.

*D. Grove Moler* for respondents.

HARSHBARGER, JUSTICE:

Jesse W. Morgan, Ronald Lee Cook, Gerald Short and Loetta C. Morgan seek mandamus to compel the Wyoming County Board of Education and Wyoming County School Superintendent James Pizzino to either place their names on the regularly employed personnel list for the 1979-80 school year or remove their names from the transfer and reassignment list.

James W. Morgan is coordinator of Federal Programs; Ronald Lee Cook is Social Studies Supervisor; Gerald Short is Mathematics Supervisor; and, Loetta C. Morgan is Early Childhood and Elementary Supervisor. All four were notified on March 13, 1979 that they had been placed on the transfer and reassignment list for the 1979-80 school year. The notice provided:

> Consistent with West Virginia Code 18A-2-7 authorizing statutory procedures for assignment and transfer, you are hereby noticed that your name *has been submitted* to the Board of Education at its regularly scheduled meeting on March 12, 1979 for transfer and subsequent reassignment. The basis for your transfer is that:
>
> Where Title I Project for fiscal 1980 and funds to operate the program have not been approved and based upon the need to reorganize the Administrative Staff for the purpose of providing a more effective supervisory program with greater emphasis in the area of elementary education grades K-8, you are hereby recommended for transfer and made available for subsequent reassignment.
>
> Should you desire a formal hearing as to the above transfer and basis thereof, you must make

a request in writing within ten days of the receipt of the notice herein. [Emphasis ours]

However, the Board had already approved the transfers and reassignments.

A letter dated March 26, 1979 advised:

Consistent with West Virginia Code 18A-2-7 authorizing statutory procedures for assignment and transfer at a regular meeting of the Board of Education held on March 12, 1979, *the Superintendent recommended you for transfer and subsequent reassignment. By a vote of 3 to 0 the Board approved the Superintendent's recommendation. . . .*

The next scheduled meeting of the Wyoming County Board of Education will be Monday, April 9, at 7:00 p.m. at which time you may appear before the Board for a hearing on the proposed transfer. [Emphasis ours]

A hearing was held on April 9, 1979, at which the four employees contended they had not been properly notified but consented to the hearing without waiving their notice claim. The Superintendent explained that all Title I employees, including these four, were placed on the "transfer and reassignment" list because of federal funding problems and a desire to shift emphasis from secondary to elementary education.

On May 2, 1979, the Board again approved the Superintendent's "transfer and reassignment" list and tried to vacate its earlier approval by stating that it did not intend it.

*W. Va. Code,* 18A-2-7 applies:

The superintendent, subject only to approval of the board, shall have authority to assign, transfer, promote, demote or suspend school personnel and to recommend their dismissal pursuant to provisions of this chapter. However, an employee shall be notified in writing by the superintendent on or before the first Monday in April if he is

being considered for transfer or to be transferred. Any teacher or employee who desires to protest such proposed transfer may request in writing a statement of the reasons for the proposed transfer. Such statement of reasons shall be delivered to the teacher or employee within ten days of the receipt of the request. Within ten days of the receipt of the statement of the reasons, the teacher or employee may make written demand upon the superintendent for a hearing on the proposed transfer before the county board of education. The hearing on the proposed transfer shall be held on or before the first Monday in May. At the hearing, the reasons for the proposed transfer must be shown.

The superintendent at a meeting of the board on or before the first Monday in May, shall furnish in writing to the board a list of teachers and other employees to be considered for transfer and subsequent assignment for the next ensuing school year. All other teachers and employees not so listed shall be considered as reassigned to the positions or jobs held at the time of this meeting. The list of those recommended for transfer shall be included in the minute record of such meeting and all those so listed shall be notified in writing, which notice shall be delivered in writing, by certified mail, return receipt requested, to such persons' last known addresses within ten days following said board meeting, of their having been so recommended for transfer and subsequent assignment and the reasons therefor. The superintendent's authority to suspend school personnel shall be temporary only pending a hearing upon charges filed by the superintendent with the board of education and such period of suspension shall not exceed thirty days unless extended by order of the board.

The provisions of this section respecting hearings upon notice of transfer shall not be applicable in emergency situations where the school building becomes damaged or destroyed through an unforeseeable act and which act necessitates

a transfer of such school personnel because of the aforementioned condition of the building.

*Code,* 18A-2-7 requires that an employee be notified and given a hearing before a decision about their placement on a transfer and reassignment list is made. But the final Board decision was made on March 12, 1979 as evidenced by the March 26th letter and the minutes of the March 12th meeting:

[U]pon the recommendation of the Superintendent, motion of Mr. Cook, seconded by Mr. Foglesong, and voting for Mr. Meadows, Mr. Cook, Mr. Foglesong, and not voting Mr. Rose and Mr. Laxton, the following action [adoption of transfer and reassignment list] *was approved* regarding personnel. [Our emphasis]

The Board's subsequent notice and hearing did not cure their early approval which did not comply with *Code,* 18A-2-7. The purpose of *Code,* 18A-2-7 notice and hearing is to give employees an opportunity to present their position to the Board *before their names are listed.* If a decision has already been made, and the employees have been prejudged the process is meaningless.

We took this case to emphasize the law of this State is that school personnel laws are to be strictly construed in favor of personnel, and regulations and statutes for their protection, carefully complied with. *See, Trimboli v. Board of Education of the County of Wayne,* W. Va., 254 S.E.2d 561 (1979); *Powell v. Brown,* W. Va., 238 S.E.2d 220 (1977). However, in the future we will not ordinarily accept petitions alleging irregularities in personnel matters except as appeals after all administrative and circuit court remedies have been pursued.

We award the writ of mandamus and order the Wyoming County Board of Education and the Wyoming County School Superintendent to remove Jesse W. Morgan, Gerald Short, Ronald Lee Cook and Loetta Morgan from the transfer and reassignment list.

*Writ awarded.*