276 S.E.2d 826 (1981)
WAYNE COUNTY BOARD OF EDUCATION
v.
Violet TOOLEY.
No. 14885.
Supreme Court of Appeals of West Virginia.
April 3, 1981.
*827 Marshall & St. Clair and James W. St. Clair, Huntington, for appellant.
Greene, Ketchum, Mills, Bailey & Tweel and Menis E. Ketchum, Huntington, for appellee.
MILLER, Justice:
The appellant, Violet Tooley, appeals from an order of the Circuit Court of Kanawha County which reversed a decision of the State Superintendent of Schools. The State Superintendent decided that the Wayne County Board of Education (Board) had failed to properly discharge Violet Tooley under W.Va.Code, 18A-2-6. We conclude that this statute was not complied with by the Board and reverse the judgment of the Circuit Court.
The appellant, a Secretary Class II, held a continuing contract with the Board. She was first employed in August of 1973 and her job, as of July 1976, was secretary at the school bus garage.[1] On March 24, 1977, the Superintendent of Schools for Wayne County (Superintendent) recommended to the Board that Violet Tooley's employment not be continued for the following school year. At this time, a vote was taken by the Board to accept the Superintendent's list of persons not recommended for reemployment.[2] By letter of March 28, 1977, the Superintendent notified the appellant that he had recommended that she not be reemployed for the following school year. The letter implied that the position of secretary at the bus garage was no longer needed and it stated she would be placed on a preferred list if that position opened again. The letter concluded with the statement that a hearing before the Board could be requested.
By letter of April 27, 1977, Violet Tooley requested a hearing to discover why her employment was terminated. A hearing was not held until June 7, 1977, and at that time by a 3-2 vote the Board decided to terminate her. On July 29, 1977, the appellant petitioned the State Superintendent in Charleston to review the Board's decision. The State Superintendent ruled that the Board had improperly dismissed Violet Tooley because of its noncompliance with *828 W.Va.Code, 18A-2-6. The Board did not act on the State Superintendent's reinstatement order but instead, on November 10, 1977, requested that the State Superintendent permit the case to be reopened before the Board for the introduction of additional evidence.
Another hearing was held before the Board on March 10, 1978, and it still decided that the appellant should not be reemployed. The matter was again brought before the State Superintendent and he again ordered reinstatement on the basis of lack of compliance with W.Va.Code, 18A-2-6. On January 23, 1979, the Board petitioned the Kanawha County Circuit Court for a writ of certiorari to review the State Superintendent's decision. The court found that there had been compliance with W.Va.Code, 18A-2-6 by the Board and, therefore, reversed the State Superintendent's decision as clearly wrong and upheld the decision of the Board.
The appellant raises several issues in this appeal but because we resolve this case in her favor we find it necessary only to discuss one: Whether there has been compliance with the notice and hearing procedures mandated by W.Va.Code, 18A-2-6.[3] We have previously held in Syllabus Point 1 of Morgan v. Pizzino, W.Va., 256 S.E.2d 592 (1979), that "[s]chool personnel regulations and laws are to be strictly construed in favor of the employee." In Morgan we stressed that it was important that a hearing be held before a teacher could be transferred under W.Va.Code, 18A-2-7. We also held that in order for the hearing to be meaningful the Board must not make any prior decision concerning the employee before the hearing is held. The reason for this rule was stated in Morgan, supra:
"The purpose of Code, 18A-2-7, notice and hearing is to give employees an opportunity to present their position to the Board before their names are listed. If a decision has already been made, and the employees have been prejudged the process is meaningless." 256 S.E.2d at 595. (Emphasis in original)
The factual situation in the present case is much like Morgan in that the Board had already voted on the Superintendent's recommendation not to rehire the appellant by the time she was notified by the Superintendent that she would not be recommended for reemployment. It is true that Morgan involved W.Va.Code, 18A-2-7, which is somewhat differently worded than W.Va.Code, 18A-2-6, but this latter section expressly requires that:
"The affected employee shall have the right of a hearing before the board, if requested, before final action is taken by the board upon the termination of such employee."
This requirement is completely consistent with the rationale in Morgan that requires the Board to give notice and hearing before the decision is made to accept the Superintendent's recommendations, otherwise, "[i]f a decision has already been made, and the employees have been prejudged the process is meaningless." 256 S.E.2d at 595.
Other jurisdictions also strictly construe their school personnel statutes in favor of the employee. Balen v. Peralta Junior College, 11 Cal.3d 821, 523 P.2d 629, 114 Cal.Rptr. 589 (1974); Gainey v. School Board, 387 So.2d 1023 (Fla.App.1980); Perry v. Independent School District, 297 Minn. 197, 210 N.W.2d 283 (1973); Ricca v. Board of *829 Education, 47 N.Y.2d 385, 391 N.E.2d 1322, 418 N.Y.S.2d 345 (1979). Those courts that have addressed the issue agree that, when a statute requires a hearing to be held before the termination, the Board of Education cannot decide in advance to terminate the employee. Balen v. Peralta Junior College, 11 Cal.3d 821, 523 P.2d 629, 114 Cal.Rptr. 589 (1974); Wertz v. Southern Cloud Unified School District, 218 Kan. 25, 542 P.2d 339 (1975); Hart County Board of Education v. Broady, 577 S.W.2d 423 (Ky.App.1979); Appeal of Sergent, 49 Ohio Misc. 36, 360 N.E.2d 761 (1976).
In those jurisdictions with school personnel statutes similar to West Virginia's statute requiring notice by a certain date, the failure to notify the employee by the statutory date will continue the employee's contract. Boyce v. DuPont School District, 341 F.Supp. 678 (D.Del.1972); Redman v. Department of Education, 519 P.2d 760 (Alaska 1974); State ex rel. Curry v. Grand Valley Local Schools Board of Education, 54 Ohio St.2d 67, 375 N.E.2d 48 (1978); Barnes v. Seattle School District, 88 Wash.2d 483, 563 P.2d 199 (1977); Faust v. Ladysmith-Hawkins School System, 88 Wis.2d 525, 277 N.W.2d 303 (1979). Likewise, courts have found the failure by the Board to conduct a hearing and dismiss the employee by the date specified in the statute makes the nonrenewal of the contract void. Flowing Wells School District v. Stewart, 18 Ariz.App. 19, 499 P.2d 750 (1972); Rutherford v. Board of Trustees, 37 Cal.App.3d 775, 112 Cal.Rptr. 560 (1974).
In the present case, the Board erred in accepting the Superintendent's recommendation that Violet Tooley's contract not be renewed before she was given an opportunity to be heard. This was clearly contrary to our holding in Morgan v. Pizzino, W.Va., 256 S.E.2d 592 (1979), where we required the hearing to be held before the decision to terminate in order that the hearing would be meaningful. Moreover, W.Va.Code, 18A-2-6, plainly provides that the affected employee shall have the right of a hearing, if requested, before the Board before final action is taken by the Board upon the termination of such employment.
For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is reversed and the decision of the State Superintendent of Schools requiring reemployment of Violet Tooley with backpay is reinstated.
Judgment Reversed.
NOTES
[1] A continuing contract is available for all service and auxiliary personnel who have worked for the Board more than three years. W.Va.Code, 18A-2-7. As a secretary, Violet Tooley is within this statutory protection. W.Va.Code, 18A-1-1(f).
[2] Violet Tooley was the only employee of the Board whose contract was not renewed at this time.
[3] W.Va.Code, 18A-2-6, provides:

"After three years of acceptable employment, each auxiliary and service personnel who enters into a new contract of employment with the board shall be granted continuing contract status. The continuing contract of any such employee shall remain in full force and effect except as modified by mutual consent of the school board and the employee, unless and until terminated with written notice, stating cause or causes, to the employee, by a majority vote of the full membership of the board before the first day of April of the then current year, or by written resignation of the employee before that date. The affected employee shall have the right of a hearing before the board, if requested, before final action is taken by the board upon the termination of such employment.
"Those employees who have completed three years of acceptable employment as of the effective date of this legislation shall be granted continuing contract status."