301 S.E.2d 846

**W.C. TOTTEN**

v.

**BOARD OF EDUCATION OF the COUNTY OF MINGO, etc.**

**No. 15427.**

Supreme Court of Appeals of West Virginia.

March 30, 1983.

Jacqueline A. Kinnaman, W.V.E.A., Charleston, for appellant.

W. Thomas Ward, Pros. Atty., Williamson, for appellee.

PER CURIAM:

On April 30, 1981, the Circuit Court of Mingo County entered an order affirming the action of the Mingo County Board of Education wherein, pursuant to *W.Va. Code,* 18A–2–8 [1969], it suspended the appellant, William Totten, from his position as principal of Kermit High School in Mingo County. For the reasons set forth below, we reverse.

The appellant was hired by the Board of Education as a high school principal in 1976. He had been employed by the Board in other teaching capacities, however, for a total of fifteen years and was employed under a teacher's continuing contract. During his period of employment, his job performance had never been evaluated.

In May of 1979, the appellant prepared a "Kermit High School Closing Bulletin" for distribution to the school's staff and to the county superintendent. The Bulletin was for the purpose of assisting the staff in preparing for the closing of school. In it, the appellant indicated that student grade cards would be distributed on Friday, June 8, 1979, if all teachers were prepared to do so. The final decision to distribute grade cards on that date was made on June 6 at a faculty meeting.

On June 7, the county superintendent (John Anderson) called the appellant. Mr. Anderson had been informed by one of his assistants that there was a rumor among the grade school teachers in Mingo County that the high school students did not have to attend school on Monday and Tuesday, June 11 and 12. The superintendent instructed the appellant that Monday and Tuesday were regular school days required by the school calendar and that students were required to be in school on those days. Although the appellant had sent the superintendent a copy of the closing bulletin which contained the prospective date for distribution of grade cards, that matter was not mentioned in the conversation. In fact, there was no discussion whatsoever

on the subject of when final grade cards were to be given to students.

On Friday, June 8, an awards assembly was held at the high school. During the assembly, the appellant announced that school would be operating as usual on Monday and on a shortened schedule on Tuesday. He repeated this announcement at the end of the school day. Grade cards were distributed on Friday.

The appellant did not attend school on Monday and Tuesday because he was attending a special education seminar; he left the assistant principal in charge. Only a small percentage of students were present on those two days.

By letter dated June 15, 1979, the Board informed the appellant that, upon the recommendation of Superintendent Anderson, it had dismissed him as principal of Kermit High School for insubordination, effective June 30, 1979, pending his right to request a hearing before the Board on the matter. In the same letter the Board stated that a special meeting would be held on June 22, 1979 if the appellant wished to appear at that time.

On June 22 the appellant and his counsel attended the Board's meeting. Counsel objected to the procedures followed by the Board in dismissing the appellant. The President of the Board agreed that the appellant had not been properly notified of the charges against him and on this ground the Board rescinded its dismissal of the appellant.

Subsequently, by letter dated July 20, 1979, the Board informed the appellant of the specific charges made against him by the superintendent and of the recommendation that he be dismissed as a principal and demoted to a classroom teacher for insubordination and wilful neglect of duty pursuant to *W.Va.Code*, 18A–2–8 [1969]. On August 13, 1979, a hearing was held. At the close of the evidence the Board concluded that the facts did not warrant the appellant's dismissal but did show that he was guilty of insubordination and wilful neglect of duty. The Board suspended the appellant from his duties as principal for a period of fifteen days. Mr. Totten appealed

this decision to the Circuit Court of Mingo County, which affirmed the action of the Board. It is from this final order that he appeals.

The appellant raises several issues in this appeal but because we resolve the case in his favor we find it necessary to discuss only one, namely, whether the evidence supports the Board's finding that he was guilty of the charges against him. *W.Va. Code*, 18A–2–8 [1969] provides:

Notwithstanding any other provisions of law, a board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency, cruelty, insubordination, intemperance or wilful neglect of duty, but the charges shall be stated in writing and the employee so affected shall be given an opportunity to be heard by the board upon not less than ten days' written notice, which charges and notice shall be served upon the employee within five days of the presentation of the charges to the board. The hearing may be held at the next regular meeting of the board or at a special meeting called for that purpose; and in any case when the board is not unanimous in its decision to suspend or dismiss, the person so suspended or dismissed shall have the right of appeal to the state superintendent of schools.

We have previously held in syllabus point 1 of *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979), that "[s]chool personnel regulations and laws are to be strictly construed in favor of the employee." And in syllabus point 3 of *Beverlin v. Board of Education*, 158 W.Va. 1067, 216 S.E.2d 554 (1975) we stated:

The authority of a county board of education to dismiss a teacher under *W.Va.Code* 1931, 18A–2–8, as amended, must be based upon the just causes listed therein and must be exercised reasonably, not arbitrarily or capriciously.

Applying these principles to the facts of the case before us, we conclude that the appellant's actions did not support a finding of insubordination and wilful neglect of duty. It is undisputed that the

county superintendent told the appellant to have students in school on June 11 and 12. It is also undisputed that the date grade cards were to be given out was never mentioned by either the superintendent or the appellant. Twice during the course of the school day on Friday, June 8, the appellant announced to the student body that school would be held on the following Monday and Tuesday. In addition, the appellant had supplied the superintendent with a copy of the "Closing Bulletin" he had prepared, and this bulletin contained the information that grade cards were scheduled to be handed out on June 8. The appellant told the superintendent to let him know if there was a problem with the contents of the bulletin. The appellant heard nothing further.

As we stated in *Beverlin v. Board of Education, supra,* at 558, the appellant's actions "best might be described as an error of judgment...." An error of judgment is not cause for dismissal. *See, Beverlin, supra,* and *Wysong v. Walden,* 120 W.Va. 122, 52 S.E.2d 392 (1938). The causes for suspension are the same as those for dismissal under *Code,* 18A–2–8 [1969]. Thus, if an error of judgment is not cause for dismissal, neither is it cause for suspension.

We therefore conclude that the action of the Board in imposing the fifteen-day suspension * against the appellant was arbitrary and capricious. The order of the circuit court is reversed and the case is remanded for proceedings consistent with this opinion.

Reversed and remanded.

---

* Throughout the appellant's brief, counsel states that her client was dismissed from his position as principal of Kermit High School and she argues accordingly. The record indicates, however, that after the second hearing before the Board on August 13, 1979, the appellant was not dismissed; he was suspended for fifteen days. The circuit court's order affirmed this suspension. Our opinion is addressed to the issue of suspension because there is no longer a question of dismissal.