318 S.E.2d 424

**STATE ex rel. Mary W. GLAUSER**

v.

**The BOARD OF EDUCATION OF the COUNTY OF OHIO, etc., et al.**

**No. 15973.**

Supreme Court of Appeals of West Virginia.

June 13, 1984.

George H. Seibert, Jr., Seibert, Kasserman, Farnsworth, Gillenwater, Glauser & Richardson, Wheeling, for appellee.

David J. Joel, Wheeling, for appellants.

PER CURIAM:

The members of the Ohio County Board of Education appeal a final order of the Circuit Court of Ohio County which ordered the reinstatement of school service employee Mary W. Glauser as a Secretary III with retroactive salary and benefits. The lower court held that the appellee's reclassification as an Audiovisual Technician was without her consent, and without the proper notice and hearing required by law. Because the statute in effect at the time of her reclassification did not require a hearing, we reverse the decision of the circuit court.

Mrs. Glauser, appellee, was employed by the Board in its audiovisual department from 1965 until her retirement in 1982.

During the school years 1970–71 through 1974–75 she was classified as a Secretary I. For the school year beginning July 1, 1975 the Board reclassified the appellee as an Audiovisual Technician. On July 21, 1975 the appellee filed a grievance, claiming that she should be classified as a Secretary III with eleven years experience. The superintendent of schools denied her request for reclassification.

On April 1, 1977 the appellee petitioned the Circuit Court of Ohio County for a writ of mandamus. She alleged that in order to circumvent the minimum salary provisions of *W.Va.Code* 18A–4–8 [1975], the Board had arbitrarily reclassified her without her consent, and without a factual or thorough review of her position and duties. She prayed for a writ of mandamus compelling the Board to classify her as Secretary III with back pay, costs and attorneys' fees.

A rule in mandamus was issued, and an evidentiary hearing was held. The evidence showed that at a Board meeting on April 29, 1975 the central office secretaries, including appellee, were placed on the transfer and subsequent assignment list for the 1975–76 school year. The appellee was notified by letter of May 1, 1975 that her name had been placed on this list. On July 1, 1975 she learned that she had also been reclassified as an Audiovisual Technician. On July 8th the Board approved the appellee's assignment to the central office for the 1975–76 school year. She was notified of this action by memorandum of July 10th.

During a discussion with her supervisor on July 18, 1975 the appellee learned that she was credited with only six years experience, and filed a grievance requesting credit for an additional five years and classification as Secretary III. Her supervisor recommended that the appellee be given her ten years of total continuous experience with the Ohio County school system, but maintained that she was correctly classified as an Audiovisual Technician. On July 16, 1976 the Ohio County Superintendent of Schools denied her request to be reclassified as a Secretary III. The appel-

lee was, however, credited with the additional experience.

The appellee's payroll records show that for the school year 1974–75 she was classified as Secretary I with five years experience, and was paid $490 a month. During the 1975–76 school year she was classified as an Audiovisual Technician, and was paid $555 a month for ten years experience, the maximum for her pay grade. During the 1976–77 school year she was also classified as an Audiovisual Technician, and was paid $663 per month. This increase in salary was the result of across-the-board adjustments in the salary schedule for the Ohio County school system.

On June 4, 1980 the appellee filed a motion for summary judgment, contending that *W.Va.Code* 18A–2–7 [1977] and *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979) require notice and a hearing before an employee's placement on a transfer or reassignment list is approved by a board of education. She sought reinstatement to the position of Secretary III with back pay, benefits, attorneys' fees and costs. The appellee's counsel argued her motion on August 1, 1980 and the court took it under advisement. In May of 1981, the appellee also filed a motion for prejudgment interest on her back pay and retirement benefits.

On January 15, 1982 the judge issued a letter opinion in which he found that, based on *Morgan v. Pizzino*, the notice given to appellee was not proper; her reclassification was without her consent; *W.Va.Code* 18A–2–7 requires notice and hearing before an employee is placed on a transfer or reassignment list; and, because the May 1, 1975 notice was void, the appellee was entitled to reinstatement to the position of Secretary III from that date. The judge also concluded that the appellee should be awarded any loss of pay she suffered as a result of the transfer and reassignment, back pay and retirement benefits due her as Secretary III, prejudgment interest on those amounts, court costs and attorney's fees.

The appellants moved the court to reconsider its opinion based on the fact that at

the time of the transfer, *W.Va.Code* 18A–2–7 [1975] did not require notice and a hearing before an employee's name was placed on a transfer or reassignment list. Appellants pointed out that the prior notice and hearing provisions were added to *W.Va.Code* 18A–2–7 in 1977, and *Morgan v. Pizzino* interpreted the amended statute. The appellants maintained that they had followed the letter of the law in effect at the time the cause of action arose, and could not be held to language written into the law two years later.

On November 16, 1982 a final order was entered which incorporated the previous findings of the court, and further found: the Secretary III classification was the highest paid secretarial position in the Ohio County school system; the annual salaries for the positions of Secretary I, II or III were higher than the annual salary for an Audiovisual Technician; and, that the appellee was entitled to the classification of Secretary III upon a continuing contract basis from July 1, 1975. The court ordered the appellee reinstated and classified as a Secretary III from July 1, 1975 through September 15, 1982 with back pay and retirement benefits based upon that classification, as well as prejudgment interest on those amounts. The court also awarded appellee's attorneys court costs and fees.

On March 7, 1975 the Legislature passed Senate Bill 121, effective July 1, 1975, which for the first time established a statewide minimum monthly pay scale for school auxiliary and service personnel based on specific class titles, pay grades and years of employment. Codified as *W.Va.Code* 18A–4–8 [1975], the bill defined the duties of each job classification within that scale, including the positions of Secretary I, II, and III. The bill also authorized the State Board of Education to establish other class titles for positions not listed in the statute, with appropriate pay grades within the state minimum salary scale.

Although the classification of "Audiovisual Technician" did not appear in the statute until 1977, it was included in the list of position codes established by the Board of Education for the school years 1975–76 and thereafter. The Board's description of the duties of an Audiovisual Technician, and the pay grade assigned to that position, are identical to those found in *W.Va.Code* 18A–4–8 [1977], which states: "'Audiovisual technician' means personnel employed to perform minor maintenance on audiovisual equipment, films, supplies and the filling of requests for equipment." In her grievance, the appellee described her duties as follows:

"I am assigned to Mrs. Evelyn Kovalick, Supervisor of Instructional Curriculum Resources, who is in charge of the Audiovisual Department, and I have the responsibilities of purchasing library supplies, audiovisual material, magazines, rental of film, repairing of film, laminating, making transparencies, loaning of equipment, and taking care of correspondence."

In contrast, *W.Va.Code* 18A–4–8 [1975] defined the duties of Secretary I and Secretary III as follows:

"'Secretary I' means personnel employed to transcribe from notes or mechanical equipment, receive callers, perform clerical tasks, prepare reports and operate office machines.

"'Secretary III' means personnel assigned to the county board of education office administrators in charge of various departments or with particular responsibilities of purchasing and financial control."

In her response to the appellee's request that she be classified as a Secretary III, Mrs. Kovalick stated:

"Mrs. Kovalick is not functioning as an administrator in charge of a department. She functions as a supervisor of two different areas—media and personnel. In the Ohio County system, only the secretaries for the assistant superintendents and the board treasurer are classified as Secretary III's. Under S.B. 121, Mrs. Glauser's present position is best defined as an *Audiovisual Technician,* one employed to perform minor maintenance on audio-visual equipment, films, supplies and the filling of requests for equipment. She performs almost no secretarial func-

tions in her position. Her duties lie directly within the guidelines of performing minor repairs on films and some equipment, ordering supplies and filling requests for films and equipment. Mrs. Glauser is correctly classified as an Audiovisual Technician."

The appellants were made aware of the provisions of Senate Bill 121 after its passage and prior to its effective date, and proceeded to place various employees into classifications which most closely fit the jobs they had been performing in the past. This resulted in the reclassification of the appellee as an Audiovisual Technician at a lower pay grade than Secretary I, but, because of adjustments in years of employment credited her, at a higher salary than she had previously received.

■ We conclude that the appellee's duties most closely fit those of an Audiovisual Technician, rather than a Secretary III, and that she was, therefore, properly classified as such. The question then becomes whether the notice afforded her was sufficient under the statute in effect at the time of the transfer and reclassification.

*W.Va.Code* 18A–2–7 [1969] provides in pertinent part:

"The superintendent, subject only to approval of the board, shall have authority to assign, transfer, promote, demote or suspend school personnel and to recommend their dismissal pursuant to provisions of this chapter: Provided, that the superintendent at a meeting of the Board on or before the first Monday in May, shall furnish in writing to the board a list of teachers and other employees to be considered for transfer and subsequent assignment for the next ensuing school year ... The list of those recommended for transfer shall be included in the minute record of such meeting and all those so listed shall be notified in writing, which notice shall be delivered in writing, by certified mail, return receipt requested, to such persons' last known addresses within ten days following said board meeting, of their having been so recommended for transfer and subsequent assignment."

The procedures followed by the appellants were in full compliance with this statute. The circuit court, however, based its decision on the statute as amended in 1977 to require notice and a hearing before placing an employee's name on a transfer or reassignment list. The court also relied on *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979), which interpreted the amended statute. The lower court's reliance on these authorities is misplaced, because such was not the law in West Virginia in 1975.

■ Our rules for statutory construction provide, in *W.Va.Code* 2–2–10(bb) [1973]: "A statute is presumed to be prospective in its operation unless expressly made retrospective." Further, in syllabus point 3 of *Shanholtz v. Monongahela Power Company*, 165 W.Va. 305, 270 S.E.2d 178 (1980), we held:

"A statute is presumed to operate prospectively unless the intent that it shall operate retroactively is clearly expressed by its terms or is necessarily implied from the language of the statute."

*See also* syl. pt. 3, *State ex rel. Manchin v. Lively*, 170 W.Va. 672, 295 S.E.2d 912 (1982); *State v. Bannister*, 162 W.Va. 447, 250 S.E.2d 53 (1978).

■ We find nothing in the 1977 amendments to *W.Va.Code* 18A–2–7 to indicate that they were intended to operate retroactively, nor may such an application be inferred from the language of *Morgan v. Pizzino, supra.*

■ The appellee also contends that she was denied the procedural due process guarantees of *North v. West Virginia Board of Regents*, 160 W.Va. 248, 233 S.E.2d 411 (1977) and *State ex rel. McLendon v. Morton*, 162 W.Va. 431, 249 S.E.2d 919 (1978). However, we conclude that the appellee did not have a legitimate claim of entitlement to a particular job classification, nor did the appellants deprive her of a significant property interest by placing her into her proper job classification. The appellee continued to perform the same work as she had before the reclassification, with an increase in pay.

Appellee further maintains that because she had attained continuing contract status under *W. Va. Code* 18A–2–6 [1973], our decision in *Wayne County Board of Education v. Tooley,* 166 W.Va. 685, 276 S.E.2d 826 (1981) entitles her to notice and a hearing before any change in her classification may be made without her consent. However, our decision in *Tooley* merely enforced the explicit provisions of the above statute granting a continuing contract employee the right to a hearing before the Board prior to any final action to terminate his employment. No such termination was attempted here.

We find nothing contrary to law in any of the actions taken by the appellants in this matter. Accordingly, the judgment of the Circuit Court of Ohio County is reversed.

Reversed.