497 S.E.2d 548

Constance M. BREZA, Appellee,

v.

**The OHIO COUNTY BOARD OF EDUCATION, Appellant.**

**No. 23967.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 1997.

Decided Dec. 5, 1997.

Sandra K. Law, Schrader, Byrd, Companion & Gurley, Wheeling, for Appellant.

Rebecca E. Mick, Crandall, Pyles & Haviland, Charleston, for Appellee.

**PER CURIAM:** [1]

The Ohio County Board of Education appeals from a final order of the Circuit Court of Kanawha County entered on July 31, 1996. The circuit court reversed the decision of the Hearing Examiner for the Education and State Employees Grievance Board which held that Constance M. Breza, an employee of the Ohio County Board of Education, was not entitled to credit for one year of work experience for working two part-time jobs in Massachusetts prior to her employment in Ohio County. The circuit court ordered that Ms. Breza be given credit for the Massachusetts work experience and further ordered appropriate back-pay with interest and benefits. We affirm the decision of the circuit court.

### I.

In the fall semester of 1983, Constance M. Breza, appellee, was hired by the Ohio County Board of Education ("Board") as a speech pathologist. During the 1982–83 school year, Ms. Breza worked 115 days for the Boston public schools, and worked at least two days a week at a Boston children's hospital evaluating children's speech. Upon being hired by the Board, Ms. Breza was informed that she would not be given credit for a year of work experience [2] for her two jobs in Massachusetts. Credit for the Massachusetts work

---

**1.** We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) (*"Per curiam* opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely *obiter dicta* .... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published *per curiam* opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a *per curiam* opinion.")

**2.** State Board of Education Policy 5610 requires an employee to work a minimum of 133 days to become entitled to a year's employment credit. *W.Va.Code,* 18A–4–2 [1996] sets forth the minimum salary schedule for teachers, and contains a provision for an increase in salary for each year of experience.

experience would have resulted in a modest increase in her salary.

Prior to the beginning of the 1990–91 school year, Ms. Breza learned that she should have received one year's credit for the year she spent working at the two part-time jobs in Massachusetts. Ms. Breza contacted the Board and inquired as to what procedures to follow to have her classification changed to receive the additional year of experience credit. After being advised by the Board that she would not be given credit for the additional year, Ms. Breza filed a grievance. Her grievance was denied at all hearing levels.

Ms. Breza then appealed to the Circuit Court of Kanawha County which reversed the decision of the grievance board. In its reversal the circuit court granted Ms. Breza one year's additional experience credit and awarded her appropriate back pay reflecting her increased employment experience. The Board appealed the circuit court's decision. We affirm the ruling of the circuit court.

## II.

■ The Board argues that the circuit court incorrectly interpreted *W.Va.Code*, 18A–4–1 [1992], thereby giving Ms. Breza credit for experience which, the Board argues, she does not deserve. The Board further argues that the circuit court erred by not considering whether the employment was in the teaching profession, and in applying the relief retroactive to the date of Ms. Breza's 1983 employment.[3]

■ We begin by setting out the standard of review. In reviewing challenges to the findings and conclusions of a circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law, however, are subject to a *de novo* review. *Phillips v. Fox*, 193 W.Va. 657, 661, 458 S.E.2d 327, 331 (1995).

■ We must examine the Board's argument in light of the axiom that "[s]chool personnel regulations and laws are to be strictly construed in favor of the employee." Syllabus Point 1, *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979); *See also* Syllabus Point 1, *Cruciotti v. McNeel*, 183 W.Va. 424, 396 S.E.2d 191 (1990); Syllabus Point 1, *State ex rel Boner v. Kanawha County Board of Education*, 197 W.Va. 176, 475 S.E.2d 176 (1996).

*W.Va.Code*, 18A–4–1(1) [1992] defines "years of experience" as the "... number of years the teacher has been employed in the teaching profession, including active work in educational positions other than the public schools ...".

The appellant Board argues that an employee may not "tack" two part-time jobs together to comply with the 133–day requirement.[4] However, nothing in the statute states that the required amount of work must be performed for only one employer during any given calendar year. Under the Board's reasoning, if a substitute teacher worked at several different schools on a part-time basis during the year, and together these assignments met the requisite number

---

**3.** The Board also argues that the circuit court erred in not addressing the issue of laches. However, after careful review of the record, we conclude that the affirmative defense of laches was not presented to the circuit court. "[T]he defense of laches is sustainable only on proof of two elements: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *State ex rel. Smith v. Abbot*, 187 W.Va. 261, 264, 418 S.E.2d 575, 578 (1992) (citing *Mogavero v. McLucas*, 543 F.2d 1081 (4th Cir.1976)).

By letter dated December 9, 1993, the circuit court judge provided the Board an opportunity to submit a memorandum of law to the court on the issue of laches. The Board opted not to submit this memo. Because laches was not set out in the Board's response to the petition, nor did they write the requested memo, this defense was not properly raised below.

Generally we have refused to consider matters on appeal that were not raised below. *See Whitlow v. Bd. of Educ. of Kanawha County*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993) ("facts underlying ... [an] issue will not have been developed in such a way so that a disposition can be made on appeal"). Because the affirmative defense of laches was not asserted before the circuit court, we decline to address that issue on appeal.

**4.** See footnote 2.

of days to make a year (133), such work experience would not be credited to the teacher as a year of experience. Obviously this reasoning fails in light of *Morgan, supra.*

The Board next argues that the circuit court erred by concluding that Ms. Breza's employment in Massachusetts was in "the teaching profession." In its ruling the circuit court did make a factual finding that Ms. Breza had been employed in both part-time Massachusetts jobs as a "speech language pathologist" during the year in question. We examine this factual determination under the clearly erroneous standard as set out in *Phillips v. Fox*, 193 W.Va. 657, 661, 458 S.E.2d 327, 331 (1995). One of the part-time jobs consisted of Ms. Breza working as a speech pathologist at Melrose Public Schools in Boston, Massachusetts. Ms. Breza's other part-time job required her to work as a diagnostician, evaluating children's speech, language and hearing skills at Boston Children's Hospital. We conclude that the circuit court was not clearly erroneous in ruling that working as a speech pathologist with children in a school and a hospital setting, were qualified as educational positions which should apply toward "years of experience." *W.Va.Code,* 18A–4–2 [1993].

■ Finally, the Board argues that any award given to Ms. Breza should be prospective relief only. However, as set forth in *W.Va.Code,* 18–29–3(v) [1992] "(t)he doctrine of laches shall not be applied to prevent a grievant or grievants from recovering back pay or other appropriate relief for a period of one year prior to the filing of a grievance based upon a continuing practice." The denial of one year's work experience credit was a continuing practice under *W.Va.Code,* 18–29–4(1) [1995]. Therefore, appropriate back pay would encompass relief back to and including the year prior to the date she filed her grievance.

For the foregoing reasons, we affirm the decision of the circuit court.

Affirmed.