702 S.E.2d 840

**Nancy JAMISON, Plaintiff Below, Appellant**

v.

**The BOARD OF EDUCATION OF the COUNTY OF MONONGALIA, Defendant Below, Appellee.**

**No. 35498.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 2010.

Decided Oct. 14, 2010.

John Everett Roush, WV School Service Personnel Association, Charleston, WV, for Appellant.

Jason S. Long, Jennifer S. Caradine, Dinsmore & Shohl, Morgantown, WV, for Appellee.

PER CURIAM:

This is an appeal by Nancy Jamison (hereinafter "Appellant") from an order of the Circuit Court of Kanawha County denying her employee grievance seeking reimbursement for travel expenses for the 2006–07 and 2007–08 school years. Upon thorough review of the arguments, briefs, statutes, policies, and applicable precedent, this Court reverses the decision of the Circuit Court of Kanawha

County and remands for further proceedings consistent with this opinion.

## I. Factual and Procedural History

The Appellant is employed as a secretary, job classification "Secretary III," with the Monongalia County Board of Education (hereinafter "Board"). Prior to her most recent employment assignments, the Appellant had bid upon and received two independent half-time positions, one as a secretary with a federal program at the Central Annex Building and a second one as a secretary at Cheat Lake Middle School. Thus, the Appellant worked one half day at the Central Annex Building and one half day at Cheat Lake Middle School.

When the federal program at Central Annex was terminated, the Appellant was reassigned to Brookhaven Elementary, as a replacement for the Central Annex position. She did not request that assignment or bid upon that placement at Brookhaven. Thereafter, she remained employed in two separate half-time positions, one at Brookhaven Elementary working from 7:45 a.m. until 11:15 a.m., and a second at Cheat Lake Middle School working from 11:30 a.m. until 3:00 p.m.

The Appellant was reimbursed for her daily travel expenses between the two schools for six years. When the Board eventually refused to continue to pay for mileage reimbursement, the Appellant filed a grievance, alleging entitlement to a mileage reimbursement for travel between her two half-time positions. The grievance was denied at Level I by a decision dated November 20, 2007, subsequent to an October 31, 2007, hearing. The parties, by agreement, waived Level II mediation, and a Level III hearing was conducted on March 13, 2008, before Administrative Law Judge Denise M. Spatafore. The grievance was denied by decision dated August 27, 2008. The Circuit Court of Kanawha County ultimately affirmed the denial of the grievance, holding that the Monongalia County Board of Education policy on reimbursement of travel expenses is inapplicable to the Appellant's travel between her two half-time positions. The circuit court found that neither of the two positions requires the Appellant to perform duties at the other

location. Thus, the circuit court reasoned that she is not considered to be utilizing her personal vehicle "in the course of employment."

The Appellant now appeals to this Court, contending that the circuit court erred in finding that she was not a full-time employee and had voluntarily bid on two separate, independent half-time positions; erred in holding that she was not entitled to mileage compensation, pursuant to Board policy; and erred in holding that she was not entitled to mileage compensation, pursuant to West Virginia Code § 18A–2–14 (2007).

## II. Standard of Review

■ In pertinent part of syllabus point one of *Randolph County Board of Education v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989), this Court explained as follows: "A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, ... and based upon findings of fact, should not be reversed unless clearly wrong." In *Martin v. Randolph County Board of Education*, 195 W.Va. 297, 465 S.E.2d 399 (1995), this Court elaborated upon the standards to be utilized by this Court in review of "an ALJ's decision that was affirmed by the circuit court...." 195 W.Va. at 304, 465 S.E.2d at 406.

[T]his Court accords deference to the findings of fact made below. This Court reviews decisions of the circuit under the same standard as that by which the circuit reviews the decision of the ALJ. We must uphold any of the ALJ's factual findings that are supported by substantial evidence, and we owe substantial deference to inferences drawn from these facts. Further, the ALJ's credibility determinations are binding unless patently without basis in the record. Nonetheless, this Court must determine whether the ALJ's findings were reasoned, *i.e.,* whether he or she considered the relevant factors and explained the facts and policy concerns on which he or she relied, and whether those facts have some basis in the record. We review *de novo* the conclusions of law and application of law to the facts.

*Id.* This Court's *de novo* review of the conclusions of law and application of the law to the facts was reiterated in *Holmes v. Board of Education of Berkeley County,* 206 W.Va. 534, 526 S.E.2d 310 (1999).

 In the case sub judice, this Court is asked to address the law applicable to the facts of this case, and the standard of review for such issues is *de novo.* As this Court approaches the issue of application of the policy and statute to the facts of this case, we must be mindful of a long-standing rule regarding statutory construction of laws and regulations dealing with school personnel. As we stated in syllabus point one of *Morgan v. Pizzino,* 163 W.Va. 454, 256 S.E.2d 592 (1979), "[s]chool personnel regulations and laws are to be strictly construed in favor of the employee."

## III. Discussion

 The Monongalia County Board of Education policy at issue in this case is identified as "File 7–26." It allows reimbursement for an employee traveling from "workstation to workstation on official duty" [1] and was in existence during both school years questioned by the Appellant. Similarly, West Virginia Code § 18A–2–14 (2007) allows reimbursement for travel if the employee is required to use a personal vehicle to travel in the course of employment. This section was in effect for the 2007–2008 school year but not the preceding school year. In pertinent part, West Virginia Code § 18A–2–14 provides, "A county board shall reimburse any school personnel for each mile traveled when the employee is required to use a personal motor vehicle in the course of employment."

The Board contends that reimbursement is not required because the Appellant's two positions are independent and neither requires travel to another location as part of the official duties. The Board explains that the original positions were posted as halftime positions, that the Appellant initially chose to seek employment in two half-time positions, and that any travel to the separate work stations is not in the course of the Appellant's employment. In explanation of its eventual denial of further mileage reimbursement, after having reimbursed the Appellant for such travel for six years, the Board asserts that the Monongalia County Board policy requires reimbursement *only* for travel from workstation to workstation on official business. Further, the Board asserts that West Virginia Code § 18A–2–14 allows reimbursement *only* where the use of a personal vehicle is required by the employment.

The Appellant argues, however, that the Monongalia County Board policy and state statute at issue do not make any distinction between an employee holding two half-time positions and an employee holding one full-time position with two work sites. Further, the Appellant contends that such a distinction is not well-developed generally throughout school personnel policy, statute, or case law. The Appellant presents several examples of statutes which obscure any distinction between the two types of employment, with regard to compensation and entitlement to benefits. For example, West Virginia Code § 18A–4–8a(a) (1978) (Supp.2010) provides in pertinent part as follows:

> The minimum monthly pay for each service employee whose employment is for a period of more than three and one-half hours a day shall be at least the amounts indicated in the state minimum pay scale pay grade and the minimum monthly pay for each service employee whose employment is for a period of three and one-half hours or less a day shall be at least one-half the amount indicated in the state minimum pay scale pay grade set forth in this section.

---

1. The policy, entitled "Travel within the County," provides as follows in its entirety:

> Certain Board of Education employees are authorized an allowance for travel in their own private vehicles, when traveling from workstation to workstation on official duty. It is the employee's responsibility to report to work on his/her own and he/she goes home on his/her own, but official travel during the between workstations is made on a reimbursable basis. From time to time, there may be a special instructional program requiring home visits and/or other special travel. The approval of the program will also authorize the approval of reimbursable travel. Generally, reimbursement for meals and/or lodging within the county will not be allowable. The Superintendent may make exception.

That particular statutory language is not presented in terms of reference to half-time or full-time employees. Rather, it simply states that an employee working fewer than 3 1/2 hours per day receives one-half of the state minimum salary and an employee working more than 3 1/2 hours per day is entitled to the full state minimum salary.[2]

The issue of half-time employment was addressed in a somewhat similar factual scenario by the West Virginia Education and State Employees' Grievance Board in *Sexton v. Boone County Board of Education,* W.Va. Educ. & State Employees Grievance Bd., Docket No. 94–03–044 (June 22, 1994). In that case, an employee sought reimbursement for mileage expenses where the employee had been assigned to two different locations by the Board of Education through the transfer process and did not personally request that employment arrangement. The employee in *Sexton* prevailed and was awarded reimbursement because he had been originally hired as a full-time employee with a single workstation. Due to a reduction in force, one half of the employee's position was eliminated, and he was subsequently assigned to another work station for half of his workday. In the case sub judice, the Board emphasizes that this Appellant's case is readily distinguishable from *Sexton,* to the extent that the Appellant in this case initially *sought* two separate positions and *chose* to be employed in two independent half-time jobs and was later transferred.

The Board points to another West Virginia Education and State Employees' Grievance Board case, *Wheeler v. Lincoln County Board of Education,* W.Va. Educ. & State Employees Grievance Bd., Docket No. 96–22–535 (July 15, 1997), as a more analogous example. In *Wheeler,* the grievant held two half-time positions in Lincoln County, as the Appellant does in this case in Monongalia County, and the Grievance Board held that an employee is not entitled to compensation for travel between two separate half-time positions. In the present case, however, the Monongalia County policy sets forth the specific posture of the Board toward reimbursement for mileage expenses. In asserting the arguments in this case, the Board premises its contentions upon certain assumptions concerning the meaning, intent, and application of the language utilized in the policy and the statute. Neither the policy nor the statute, however, makes any specific exception for an employee who holds two half-time positions as opposed to one full-time position. If employment as a full-time secretary required travel from workstation to workstation on official duty in the course of employment, it appears that the policy would require reimbursement for travel. However, any distinction between that hypothetical full-time worker and a half-time worker, performing essentially the same duties and traveling the same route in a personal vehicle, is not directly addressed by the policy or statute.

Furthermore, while the Appellant did initially bid upon two separate, independent positions, the Board ultimately assigned her to another position. She was placed at Brookhaven Elementary School when her prior assignment at the Central Annex concluded. The Board maintains that because the Appellant *initially chose* her two independent half-day positions and those positions do not require travel to another location, she should not be compensated for travel between the two positions. That is a somewhat compelling argument, and if there were any basis for it in the policy or statute, it would likely be the prevailing argument. However, as explained above, this Court is constrained to examine this school personnel regulation matter in terms of strict construction in favor of the employee. *Morgan,* 163 W.Va. at 454, 256 S.E.2d at 593, syl. pt. 1. Furthermore, "[a]n administrative body

---

2. As another example of the absence of any personnel policy distinguishing between the full-time and half-time workers in terms of benefits available, the Appellant emphasizes that West Virginia Code § 18A–4–8(j) (1969) (Supp.2010) provides that each service person is entitled to all service personnel employee rights. Specifically, that statute provides as follows:

Notwithstanding any provision in this code to the contrary, and in addition to the compensation provided for service personnel in section eight-a of this article, each service person is entitled to all service personnel employee rights, privileges and benefits provided under this or any other chapter of this code without regard to the employee's hours of employment or the methods or sources of compensation.

must abide by the remedies and procedures it properly establishes to conduct its affairs." Syl. Pt. 1, *Powell v. Brown,* 160 W.Va. 723, 238 S.E.2d 220 (1977); *see also State ex rel. Hawkins v. Tyler County Bd. of Educ.,* 166 W.Va. 363, 367, 275 S.E.2d 908, 912 (1980).

Based upon this Court's *de novo* evaluation, we find the Board's contention untenable based upon its own policy language and specifically upon the absence of any language addressing a distinction between half-time and full-time employees. If the Board sought to prohibit reimbursement to personnel traveling between two half-time positions based upon the employee's exercise of discretion in selecting those two positions, the policy should have been concisely written to reflect that intent. Under the narrow facts of this case, the Board's position cannot prevail.

### IV. Conclusion

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed, and this case is remanded with directions that the Appellant be provided with reimbursement for mileage expenses for the 2006–2007 school year, the 2007–2008 school year, and any subsequent time periods for which the Appellant can present proper documentation.

Reversed and remanded with directions.

Justice WORKMAN disqualified.

Judge KEADLE sitting by temporary assignment.