332 S.E.2d 109

Sandra HEDRICK

v.

BOARD OF EDUCATION, etc., et al.

No. 16026.

Supreme Court of Appeals of
West Virginia.

March 1, 1985.

Rehearing Denied June 11, 1985.

West Virginia Educ. Ass'n, Charleston,
for appellant.

V. Alan Riley, Keyser, for appellee.

PER CURIAM:

This is an appeal from a final order of
the Circuit Court of Pendleton County af-
firming the action of the Board of Edu-
cation dismissing appellant, Sandra Hed-
rick, from her position as a non-tenured
teacher. She contends, *inter alia*, that the
action of the board was contrary to the
provisions of *W. Va. Code*, 18A–2–8a [1977],
the statute providing for notice to proba-
tionary teachers and other employees who
have not been rehired for the upcoming
school year. We agree and we reverse the
decision of the circuit court.

The appellant was employed by the Pen-
dleton County Board of Education for two
consecutive school years, 1980–81 and
1981–82. During her first year appellant
worked as a special education teacher at
Circleville High School. During that year
she was evaluated twice by the principal of
the school, Raymond Frazier. Both evalua-
tions were favorable, the appellant being
rated as good or average in all categories.
She was given no unsatisfactory ratings.

The second year she taught in Pendleton
County the appellant was transferred to
Franklin High School to teach business
classes. During that year she was given
two written evaluations by Principal Olin
Hoover. The first evaluation on October
20, 1981 showed the appellant was "doing
an overall good job." She was rated as
above average or satisfactory in all catego-
ries but classroom organization and appear-

ance where her performance was shown to need improvement.

Mr. Hoover's second written evaluation of the appellant was dated February 10, 1982. The appellant was given several unsatisfactory marks with an overall negative evaluation. On the same day the evaluation was completed Mr. Hoover sent a letter to Pendleton County School Superintendent, Richard Short, recommending that the appellant not be rehired for the upcoming school year. In a letter dated February 26, 1982 the appellant rebutted the negative evaluation and recommendation.

The appellant's name was not included in the list of probationary employees whose contracts were to be renewed when the superintendent provided the list to the school board. By letter of April 20, 1982, Superintendent Short advised the appellant that the board had voted not to renew her contract. The appellant, by letter of April 28, 1982, requested that she be given the reasons for the board's decision and also be afforded a hearing before the board pursuant to *W. Va. Code*, 18A-2-8a [1977].

The board subsequently scheduled the appellant's hearing for May 5, 1982. Because the appellant received the notice of hearing only two days before its scheduled date, and because her West Virginia Education Association representative had a prior commitment on that date, the appellant requested a second date. The hearing was ultimately re-scheduled for May 19, 1982.

The only evidence at the hearing on behalf of the school system came from Superintendent Short who testified that he personally had never observed the appellant but was basing his testimony on the evaluation done by Mr. Hoover. Neither Mr. Hoover nor Mr. Frazier appeared at the hearing to testify. The appellant, who testified in her own behalf, was the only other witness at the hearing.

At the conclusion of the hearing, the board voted to withhold its decision on the appellant's employment until a future hearing could be held at which time Mr. Hoover would testify. A second hearing was held on June 29, 1982. The appellant and her WVEA representative did not attend and

objected to the hearing on the grounds that it was beyond the thirty-day period mandated by law for non-renewal hearings. The board, however, held the hearing and at its conclusion voted to affirm its earlier decision not to renew the appellant's contract.

*W. Va. Code*, 18A-2-8a [1977] provides in pertinent part:

Any probationary teacher who receives notice that he has not been recommended for rehiring or other probationary employee who has not been reemployed may within ten days after receiving the written notice request a statement of the reasons for not having been rehired and may request a hearing before the board. Such hearing shall be held at the next regularly scheduled board of education meeting or a special meeting of the board called within thirty days of the request for hearing. At the hearing, the reasons for the nonrehiring must be shown.

 We have consistently held that "[s]chool personnel regulations and laws are to be strictly construed in favor of the employee." Syllabus point 1, *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979). In the case before us we are of the view that the school board failed to comply with the mandate of *W. Va. Code*, 18A-2-8a [1977]. Although the board held a hearing within the thirty-day period prescribed by the statute, the hearing was not the full and complete hearing contemplated by the legislature when it enacted that section. The statute places the burden of showing the reasons for an employee's contract not being renewed upon the board. In this case, the person who evaluated the appellant and ultimately recommended her dismissal, Principal Olin Hoover, was not present to testify about his recommendation and the appellant's representative had no opportunity to cross-examine him about the evaluations. Superintendent Short testified that he had no personal knowledge of the appellant's performance and that his testimony was based solely on the evaluations of Mr. Hoover.

The record indicates that Mr. Hoover did not attend the May 19, 1982 hearing be-

cause one of his children was ill. The proper course for the board to follow under such circumstances would have been to re-schedule the hearing in a matter of days when the principal could attend. There is no justification for waiting approximately six weeks before holding the second hear-ing. It should have been held within the thirty-day period prescribed by law.

The board clearly felt the principal's tes-timony was necessary to substantiate the reasons given for not renewing the appel-lant's contract. We are of the opinion that without this testimony the board was not able to meet the requirement of the statute that the reasons "for the nonrehiring must be shown."

Accordingly the judgment of the Circuit Court of Pendleton County is reversed.

Reversed.

HARSHBARGER, J., participated in the decision of this case but departed from the Court prior to the preparation of the opinion.

BROTHERTON, J., did not participate in the consideration or decision of this case.

NEELY, Chief Justice, dissenting:

Once again I am required to dissent to this Court's perfunctory overruling of a school board's considered decision not to rehire an untenured teacher. I certainly believe that the appellant ought to have attended the second hearing that was held to allow her principal, absent for personal reasons from the first hearing, to testify as to why he felt she was unfit to teach our children. Admittedly the hearing was held ten days later than the statutory thirty-day period mandated for non-renewal hearings but, nevertheless, a conscientious teacher would not cavalierly ignore the opportunity to clear her reputation. Furthermore this case establishes very bad law in that the hearing was begun in proper time and merely continued for manifest necessity.

Since this Court's holding in *Beverlin v. Board of Ed. of Lewis County*, 158 W.Va. 1067, 216 S.E.2d 554 (1975), the motto of

the WVEA to unfit teachers has been "fear not, the Supreme Court of Appeals will reinstate you!" As I noted in my dissent in *Beverlin, supra*, this Court appears deter-mined:

> to undermine the ability of those charged with responsibility to discharge their duties in a competent manner. The in-creasing substitution of court judgment for the judgments of all other decision-makers causes administration to become increasingly chaotic because of paralysis prompted by surplusage of procedural and substantive due process which leads not to justice but to total incompetence and inability to govern." *Id.*, at 158 W.Va. 1076, 216 S.E.2d 559.

Accordingly, I dissent.