328 S.E.2d 519

**Anne D. HOOPER, M.D.**

v.

**Clyde B. JENSEN, President, West Virginia School of Osteopathic Medicine, and the West Virginia Board of Regents, etc.**

**No. 16578.**

Supreme Court of Appeals of West Virginia.

April 3, 1985.

Regina L. Charon, Morgantown, for petitioner.

Ann V. Gordon, Asst. Atty. Gen., W.Va. Bd. of Regents, Charleston, for respondents.

McGRAW, Justice:

This is an original proceeding in mandamus,[1] instituted by the petitioner, Anne D. Hooper, M.D., a faculty member of the West Virginia School of Osteopathic Medicine (WVSOM) in Lewisburg, Greenbrier County. The respondents in this proceeding are Clyde B. Jensen, the president of WVSOM, and the West Virginia Board of Regents, the state agency statutorily authorized to control and manage public institutions of higher education in this State.

The petitioner seeks a writ to compel the respondents to restore her to a full-time, tenure-track position as an Associate Professor of Pathology, with back pay and attorney fees. This Court, on January 8, 1985, issued a rule directing the respondents to show cause why a writ should not issue. On February 12, 1985, the petitioner took the depositions of respondent Jensen and Dr. Harry P. Kornhiser, academic dean of WVSOM. Based upon our review of the deposition transcripts, the pleadings and memoranda submitted to this Court, and the arguments of counsel, we make the findings and conclusions which follow, and accordingly, grant the writ.

I

On July 15, 1977, the President of WVSOM appointed the petitioner to a part-time position as Assistant Professor of Pathology at that institution. In January of 1978, the President reappointed the petitioner to a full-time position as Assistant Professor of Pathology, for the remainder of that academic year. Subsequently, the President of WVSOM reappointed Dr. Hooper to the position of Associate Professor of Pathology for the four successive academic years running from July 1, 1978 through June 30, 1982. Each of these appointments, for the periods from January 1, 1978 through June 30, 1982, was a full-time, tenure-track faculty appointment, on probationary status.

The petitioner was again appointed to the same position for the academic year running from July 1, 1982 through June 30, 1983. At the time of this appointment, however, the petitioner was given a Notice of Terminal Appointment, informing her that it was nonrenewable at the end of the appointment period. The petitioner's employment in this position was terminated pursuant to Board of Regents Policy Bulletin 36, section 11, which provides for termination due to a reduction or discontinuance

---

1. The petitioner styles her action as a petition for a writ of mandamus and prohibition. Under the terms of the relief sought by the petitioner, we find the prohibition aspect inappropriate.

in an existing program.[2] The record reveals that, in addition to the petitioner, several other WVSOM faculty members received terminal contracts at the same time for the same reason. Two of the three tenure-track pathologist positions were eliminated at this time.

Near the end of the petitioner's employment under the terminal contract, respondent Jensen appointed her to a temporary, nontenure-track position as an Associate Clinical Professor of Pathology. This was a full-time position for the academic year running from July 1, 1983 through June 30, 1984. Although disputed by respondent Jensen, the petitioner asserts that while she was employed in this temporary, full-time position she not only performed the same duties she had under the tenure-track position, but picked up additional responsibilities as well. Finally, in May of 1984, respondent Jensen again appointed Dr. Hooper to a temporary, nontenure-track position as Associate Clinical Professor of Pathology. However, this position employs the petitioner on a part-time basis only. This appointment, for the 1984–85 academic year, is not due to expire until June 30, 1985.

The parties in this proceeding are in accord on the point that the termination of the petitioner's tenure-track position was not due to any questions relating to her performance, and was solely because of a reduction in the pathology program at WVSOM. Further, the petitioner maintains that at various times after she was given the terminal contract and subsequent temporary contracts, respondent Jensen assured her that he would transfer her back to a tenure-track position as soon as one became available. Respondent Jensen acknowledges that he did encourage the petitioner to be patient and has expressed cautious optimism regarding the likelihood of restoring her to a permanent position, but denies he ever made any promises concerning future appointments.

By letter dated September 24, 1984, respondent Jensen informed the petitioner that it was his intention not to renew her temporary appointment beyond June 30, 1985. At this time, respondent Jensen also informed the petitioner that WVSOM would be accepting applications for a full-time, tenure-track position as an Associate Professor of Pathology for the upcoming 1985–86 academic year. Prior to the commencement of the instant proceeding by the petitioner, respondent Jensen refused to place the petitioner in this vacant position and denied her request for an institutional-level hearing on the matter.

II

The principal question presented in this proceeding is whether the petitioner has been denied an entitlement accorded her under Board of Regents Policy No. 36, section 11. As previously noted, the petitioner's permanent employment status was terminated under this program reduction provision. The petitioner did not appeal

2. Section 11 of Policy Bulletin No. 36 provides in full that:

a. A faculty member's appointment may be terminated because of the reduction or discontinuance of an existing program at the institution as a result of program review, in accordance with appropriate Policy Bulletins relating to review of academic programs, provided no other program or position requiring equivalent competency exists. If, within two years following the reduction or discontinuance of a program, a position becomes vacant for which the faculty member is qualified, the President shall make every effort to extend first refusal to the faculty member so terminated.

b. Institutional policy for accommodating major reduction in or discontinuance of an existing program shall be developed through a collaborative assessment by representatives of administration and faculty and shall be reported to the Board of Regents prior to implementation.

c. Notice of Nonretention Due to Program Reduction or Discontinuance: The President of the institution shall institute proceedings by giving a faculty member written notice of such nonretention by certified mail, return receipt requested.

d. Answer and Service: Within 30 days from the date of receipt of the nonretention notice, the terminated faculty member may file an appeal with the President which shall be heard by the institutional Hearing Committee, in accordance with Section 13.

e. The dates of formal notification for tenured and probationary faculty shall be those specified in Section 8(e).

the original termination decision at that time,[3] nor does she directly challenge the validity of that action in this proceeding. Rather, the petitioner seeks to enforce her reinstatement right provided by the final portion of Policy Bulletin No. 36, section 11, subsection (a), which directs that:

> If, within two years following the reduction or discontinuance of a program, a position becomes vacant for which the faculty member is qualified, the President shall make every effort to extend first refusal to the faculty member so terminated.

■ The position as a full-time, tenure-track Associate Professor of Pathology sought by Dr. Hooper is now vacant, and has been vacant since August 1, 1983, the effective resignation date of the faculty member who previously held the position. Moreover, the record reflects that this position remains listed as a vacancy in the WVSOM Clinical Department Budget Request for the upcoming academic year. The petitioner asserts that the respondents had a clear duty, under the above-quoted provision, to extend the right of first refusal to her as soon as the position became vacant.[4]

However, the respondents maintain that until they actively seek to fill this existing vacancy, by advertising, screening and the like, there arises no duty to offer the position to the petitioner. Further, the respondents note that there has been a recommendation from the academic dean of WVSOM that the full-time, tenure-track position in Pathology be replaced by part-time or visiting faculty positions.

The asserted reason for this proposed change is that clinical specialities, such as pathology, require active practice in order to acquire and maintain sufficient skills for instruction. The respondents point out that the sparsely populated area surrounding WVSOM restricts the ability of faculty in some specialities to sufficiently maintain an active practice, and that several clinical specialities are currently being taught by visiting faculty. Therefore, the respondents argue that because the holder of such a visiting pathology faculty position would be required to have actively engaged in the practice of pathology for a certain period of time immediately prior to assuming the position, the petitioner may not be qualified and thus, not entitled to first refusal.[5]

■ This Court does not question the respondents' authority to implement proposed structural changes in faculty positions as they determine are appropriate to preserve or improve the quality of teaching at WVSOM.[6] But the proposed change in this instance remains just that—a proposal. There has not been an actual elimination or replacement of the existing vacant position; and mere assertions of possible changes cannot be used to deprive the petitioner of a right contractually accorded her by rules in effect during her employment.

■ This Court has steadfastly recognized that, "An administrative body must abide by the remedies and procedures it

---

3. *See* subsection (d) of Policy Bulletin No. 36, section 11, contained in footnote 2, *supra.*

4. Although Policy Bulletin No. 36, section 11(a) speaks of the duty of the president of an institution, the respondent Board of Regents ultimately shares the delegated duty. *See* West Virginia Code §§ 18–26–8(a)(1) & 18–26–13d (1984 Replacement Vol.)

5. We note there is evidence of record that indicates that the petitioner has maintained an active practice in pathology.

6. We do observe, however, that the timing of this visiting faculty proposal raises doubts regarding the actual reasons for its existence.

The testimony of respondent Jensen and the minutes of certain WVSOM Executive Council Meetings made part of the record herein clearly indicate that before Dr. Hooper commenced this proceeding the respondents' intended course of action was to solicit applications for the full-time, tenure-track position. Furthermore, it was not until after the respondents received the rule to show cause issued by this Court, that the academic dean, Dr. Kornhiser, presented respondent Jensen with a memorandum recommending that pathology be taught by temporary, part-time or visiting faculty. Finally, respondent Jensen conceded in his deposition testimony that upon the issuance of the rule to show cause, "the decision by Dr. Kornhiser to follow the alternative in which the full-time position was eliminated may have been expedited."

properly establishes to conduct its affairs." Syl. pt. 2, *Clarke v. West Virginia Board of Regents*, 171 W.Va. 662, 301 S.E.2d 618 (1983); Syl. pt. 1, *State ex rel. Wilson v. Truby*, 167 W.Va. 179, 281 S.E.2d 231 (1981); Syl. pt. 1, *Trimboli v. Board of Education*, 163 W.Va. 1, 254 S.E.2d 561 (1979); Syl. pt. 1, *Powell v. Brown*, 160 W.Va. 723, 238 S.E.2d 220 (1977). Whether one characterizes the "first refusal" provision of Policy Bulletin No. 36, section 11(a) as a right or a remedy, its import is clear. Permanent faculty, tenured or probationary, who have their positions terminated under this provision have not been dismissed for cause or terminated based upon a determination that they were unsuited for tenure status. As in the petitioner's case, their termination is wholly unrelated to questions of performance. Thus, the "first refusal" provision affords a reasonable opportunity for displaced faculty to regain ground lost through no fault of their own.

■ After reinstatement, a future administrative determination of a basis for dismissal for cause or for denial of tenure may be found in some instances. But the Policy Bulletin No. 36, section 11 program reduction provision may not be utilized in a manner which unfairly denies faculty members reasonable reinstatement rights. Respondent Jensen maintains that until they decide to fill a vacancy, no vacancy exists. The clear language of the "first refusal" provision, however, directs that if "a position becomes vacant" within two years, the president of an institution is under an obligation to offer reinstatement in a timely fashion. In the instant case, by coincidence or design, the respondents delayed making this position "available" until exactly two years after the petitioner's program reduction termination. Moreover, during this two-year period the petitioner was given temporary appointments, which indicate that the petitioner's services continued to be needed in spite of the program

reduction that resulted in her loss of tenure-track employment.

■ "School personnel regulations and laws are to be strictly construed in favor of the employee." Syl. pt. 2, *Wren v. McDowell County Board of Education*, 327 S.E.2d 464 (W.Va.1985); Syl. pt., *Hedrick v. Board of Education*, 175 W.Va. 148, 332 S.E.2d 109 (1985); Syl. pt. 1, *Clarke v. West Virginia Board of Regents*, 301 S.E.2d 618 (W.Va.1983); Syl. pt. 2, *State ex rel. Wilson v. Truby*, 281 S.E.2d 231 (W.Va.1981); Syl. pt. 1, *Wayne County Board of Education v. Tooley*, 276 S.E.2d 826 (W.Va.1981); Syl. pt. 1, *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979). Accordingly, we hold that under West Virginia Board of Regents Policy Bulletin No. 36, section 11, a college or university president, upon learning of an imminent or existing faculty position vacancy, is under an affirmative duty to seasonably offer reinstatement to a qualified [7] person previously terminated under that section. Under the circumstances presented in the instant case, we conclude that the petitioner was entitled to her right of first refusal upon the effective date of the resignation which created the vacancy. Therefore, we order the respondents to reinstate the petitioner to the position of Associate Professor of Pathology retroactive to August 1, 1983. Further, we find the petitioner to be entitled to back pay for that period, with a set-off for amounts paid her under the temporary position contracts in effect during the same period.

■ The petitioner also seeks to recover her attorney fees incurred as a result of this mandamus proceeding. In Syllabus point 4 of *Nelson v. West Virginia Public Employees Insurance Board*, 171 W.Va. 445, 300 S.E.2d 86 (1982), this Court held that, "In mandamus proceedings where a public officer willfully fails to obey the law, attorney fees will be awarded." *See also* Syl. pt. 8, *Meadows v. Lewis*, 172 W.Va.

---

7. To be qualified, the person must have been terminated within two years of the date of the vacancy, and fit any objective requirements contained in the job description properly established for the position *prior* to the vacancy. Position qualifications may not be altered to deny reinstatement rights. In the case at hand, the petitioner was terminated from an Associate Professor of Pathology position and the vacancy is for an Associate Professor of Pathology. The respondents have not shown any reason why the petitioner is not qualified for the vacancy.

457, 307 S.E.2d 625 (1983). We believe the respondents' deliberate disregard of the directives of Policy Bulletin No. 36, section 11, evidenced particularly by actions taken to evade the first refusal requirement of the provision after being contacted by the petitioner's counsel, satisfies the willfulness standard set out in *Nelson*.

For the foregoing reasons, we grant a writ ordering the respondents: (1) to reinstate the petitioner effective August 1, 1983; (2) to pay the petitioner's back pay due; and (3) to pay the petitioner's reasonable attorney fees expended in this mandamus proceeding.

Writ granted.