341 S.E.2d 418

**Jackie BERRY**

v.

**BOONE COUNTY AMBULANCE AUTHORITY, et al.**

No. 16276.

Supreme Court of Appeals of West Virginia.

March 12, 1986.

David B. McMahon, Charleston, for appellant.

Francis M. Curnutte, III, Madison, for appellees.

---

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Boone County, entered November 9, 1983, which denied the writ of mandamus sought by the appellant, Jackie Berry, to compel the appellee, the Boone County Ambulance Authority (hereinafter "BCAA") to offer him a full-time position as an ambulance driver and to pay him damages for lost wages. The appellant contends that the circuit court erred in concluding that there was no legal duty on the part of the BCAA to offer the appellant the full-time position. We find no error in the circuit court's judgment, and we affirm.

· The BCAA is a public corporation created by the Boone County Commission pursuant to the Emergency Ambulance Service Act of 1975. W.Va.Code § 7–15–1 *et seq.* (1984 Replacement Vol.). The appellant, a laid-off coal miner, had been a volunteer ambulance driver for five years when he was hired by the BCAA as a part-time driver in October or December of 1982.

In April, 1983, a full-time ambulance driver at the appellant's duty station was fired. The appellant began driving full-time, although there was no official change in his part-time status. In July, 1983, the BCAA advertised for applicants to fill the full-time position. The appellant learned that the position was available and asked to be considered for it. He submitted an application along with approximately thirty others and was one of seven applicants to be granted an interview. On July 22, 1983, an applicant who had never worked for the BCAA was hired for the position.

After exhausting his administrative remedies, the appellant filed a petition for a writ of mandamus in the Circuit Court of Boone County, alleging that in failing to hire him for the full-time ambulance driver position, the BCAA had violated the provisions of its own properly promulgated Policy and Procedure Manual, which provided in pertinent part: "Part-time employees will be given the opportunity to fill full-time positions within the organization before any outside recruiting is performed." The appellant sought to compel the BCAA to hire him as a full-time driver and to pay him back wages from the date on which the outside applicant was hired to fill the position.

The circuit court issued a rule to show cause, and a hearing was conducted on November 3, 1983. The appellant contended that the provisions of the Policy and Procedure Manual gave part-time employees a "vested option" to be hired for available full-time positions which could be defeated only by an employee's refusal to accept the position or by a determination by the BCAA that such employee was not qualified for the position.[1] The BCAA contended that the Policy and Procedure Manual merely afforded part-time employees an opportunity to apply for full-time positions, the decision to hire remaining within the legitimate discretion of the BCAA. At the conclusion of the hearing, the circuit court ruled in favor of the BCAA and, by order entered November 19, 1983, denied the relief prayed for.

■ The key issue on appeal is whether the circuit court erred in ruling that the appellant was not entitled to a writ of mandamus.[2] It is well established that

"[a] writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a clear legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syl. pt. 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969).

1. It was apparently admitted that both the appellant and the applicant hired to fill the full-time position were qualified.

2. On appeal, the BCAA also contends that the provisions of the Policy and Procedure Manual are not binding upon the employer-employee relationship of the parties. We note, however, that this issue was not raised below and, consequently, will not be considered on appeal. *See Addair v. Bryant,* 168 W.Va. 306, 284 S.E.2d 374 (1981).

Syllabus Point 1, *Allen v. State Human Rights Comm'n.*, 174 W.Va. 139, 324 S.E.2d 99 (1984).

The circuit court ruled that the Policy and Procedure Manual did not give rise to a legal duty on the part of the BCAA to hire the appellant for the full-time position. After a careful reading of the provision in question and a review of the record in this case, we cannot say that the court erred in rejecting the appellant's "vested option" theory. Accordingly, we find no error in the circuit court's conclusion that the appellant failed to demonstrate that he was entitled to the writ of mandamus prayed for.

On appeal, the appellant also contends that even if part-time employees are not automatically entitled to be hired for full-time positions, the Policy and Procedure Manual requires that they be given at least some advantage over outside applicants. We note that BCAA representatives testified below that they did, in fact, give the appellant preference by affording him an interview. Since we conclude that the ultimate decision to hire the appellant rested within the discretion of the BCAA, mandamus will not issue to control such discretion in the absence of "caprice, passion, partiality, fraud, arbitrary conduct, some ulterior motive, or misapprehension of law." *Allen v. State Human Rights Commission*, 174 W.Va. at 147, 324 S.E.2d at 107, *quoting Bailey v. Truby*, 174 W.Va. 8, 321 S.E.2d 302, 307 (1984). There being no such showing in this case, we conclude that the appellant has shown no clear legal right to the relief sought on this ground.

In sum, we conclude that the appellant failed to demonstrate his entitlement to the writ of mandamus prayed for. Accordingly, the judgment of the Circuit Court of Boone County is affirmed.

Affirmed.

McGRAW, Justice, dissenting:

I disagree with the majority's interpretation of the relevant portion of the Boone County Ambulance Authority's Policy and Procedure Manual. The clear import of the provision is to require the Authority to offer an available full-time position to any qualified part-time employee before soliciting any applicants from outside the organization. It is well-established in this jurisdiction that " '[a]n administrative body must abide by the remedies on procedures it properly establishes to conduct its affairs.' Syl. Pt. 1, *Powell v. Brown*, 160 W.Va. 723, 238 S.E.2d 220 (1977)." Syllabus, *Hooper v. Jensen*, 174 W.Va. 643, 328 S.E.2d 519 (1985). *Accord, Trimboli v. Board of Education*, 163 W.Va. 1, 254 S.E.2d 561 (1979). Since the Authority did not comply with its own policies in this case, I would hold that the appellant had demonstrated his entitlement to the writ of mandamus. Accordingly, I would reverse the judgment of the circuit court and remand the case with directions to grant the writ.