365 S.E.2d 816

**Clyde FARLEY and Jennifer Hagaman**

**v.**

**The BOARD OF EDUCATION OF COUNTY OF MINGO, Robert Simpkins, President of the Board of Education of the County of Mingo, Larry Hamrick, Paul Sizemore, Tom Marcum and Joe Hatfield, Members of the Board of Education, and Harry Cline, Superintendent of Schools.**

**No. 17705.**

Supreme Court of Appeals of West Virginia.

Jan. 28, 1988.

Jane Moran, Williamson, for appellants.

W. Graham Smith, Jr., Williamson, for respondents.

MILLER, Justice:

This appeal is from the denial of a petition for a writ of mandamus filed in the Circuit Court of Mingo County by two teachers to compel the Mingo County Board of Education (Board) to reinstate

them. The circuit court refused to reinstate the teachers on the theory that they did not seek a hearing before the Board.

The facts are not substantially in dispute. At a special meeting of the Board on March 24, 1987, the superintendent recommended to the Board, by way of a written list, the names of teachers who were to be transferred or dismissed at the end of the current school year.

Letters bearing the date of March 24, 1987, were sent to each of the involved teachers by the superintendent, which letters advised them of their termination and gave as a reason: "Lack of need." The letter referenced W.Va.Code, 18A–2–2, and concluded that a special meeting of the Board would be held at 6:00 p.m. on March 27, 1987, at which time they could appear. It advised the teachers to inform "us in writing if you plan to appear before the Board" on that date.[1]

Both sides cite the same portions of W.Va.Code, 18A–2–2 (1984), relating to terminating the continuing contract of a tenured teacher.[2] In addition, the teachers point to a provision in W.Va.Code, 18A–4–8b, which is obviously designed to ensure that where a reduction in force is required the notification and hearing requirements of W.Va.Code, 18A–2–2, will be followed.[3]

1. It appears that each of the teachers in this proceeding has a continuing contract of employment under the provisions of W.Va.Code, 18A–2–2. To obtain a continuing contract, a teacher must obtain a professional teaching certificate, meet certain related educational requirements, and teach under contract for more than three years. Such teachers are often referred to as "tenured teachers." *See Lavender v. McDowell County Bd. of Educ.,* 174 W.Va. 513, 327 S.E.2d 691 (1984).

2. The relevant portions of W.Va.Code, 18A–2–2 (1984) are:
"The continuing contract of any teacher shall remain in full force and effect except as modified by mutual consent of the school board and the teacher, unless and until terminated (1) by a majority vote of the full membership of the board before April first of the then current year, after written notice, served upon the teacher, return receipt requested, stating cause or causes, and an opportunity to be heard at a meeting of the board prior to the board's action thereon.... Provided further, that a continuing contract shall not oper-

ate to prevent a teacher's dismissal based upon the lack of need for the teacher's services pursuant to the provisions of law relating to the allocation to teachers and pupil-teacher ratios. But in case of such dismissal, the teachers so dismissed shall be placed upon a preferred list in the order of their length of service with that board, and no teacher shall be employed by the board until each qualified teacher upon the preferred list, in order, shall have been offered the opportunity for reemployment[.]"

3. This portion of W.Va.Code, 18A–4–8b, states:
"Whenever a county board is required to reduce the number of professional personnel in its employment, the employee with the least amount of seniority shall be properly notified and released from employment pursuant to the provisions of section two [§ 18A–2–2], article two of this chapter: Provided, that such employee shall be employed in any other professional position where he had previously been employed or to any lateral area for which he is certified and/or licensed if his

The parties' disagreement centers on the precise procedural rights that should be accorded. The critical language in W.Va. Code, 18A–2–2, is that a teacher's continuing contract remains in effect until "terminated ... by a majority vote of the full membership of the board before April first of the then current year, after written notice, served upon the teacher, ... and an opportunity to be heard at a meeting of the board prior to the board's action thereon[.]"

Stated simply, the teachers maintain the Board must vote to terminate the contract prior to the first of April. However, before the contract termination is voted on, a teacher must be given notice stating the reasons for the termination and an opportunity to meet with the Board. The Board on the other hand contends that once the notice is given with a date set for the hearing before the Board, it has fulfilled its statutory responsibilities, particularly since it claims neither teacher requested a hearing.

We held in *State ex rel. Board of Education v. Casey*, 176 W.Va. 733, 349 S.E.2d 436 (1986), that where terminations are necessary because of a lack of need, the persons adversely affected are entitled under W.Va.Code, 18A–4–8b to the procedural protections of W.Va.Code, 18A–2–2. This is true because of the specific reference in W.Va.Code, 18A–4–8b, that such employees "shall be properly notified and released from employment pursuant to the provisions of section two [§ 18A–2–2], article two of this chapter."

The Board in its response to the mandamus petition admitted in paragraph 10 that it did not mail the termination notice to the teachers until the day after the meeting on March 24, 1987. It also admitted that it approved the proposed dismissals at its March 27, 1987 meeting.

■ We begin by noting our general rule with regard to school personnel regulations expressed in Syllabus Point 1 of *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979):

seniority is greater than the seniority of any other employee in that area of certification

"School personnel regulations and laws are to be strictly construed in favor of the employee."

*See also Smith v. Bd. of Educ. of Logan County*, 176 W.Va. 65, 341 S.E.2d 685 (1985); *Wren v. McDowell County Bd. of Educ.*, 174 W.Va. 484, 327 S.E.2d 464 (1985); *Hedrick v. Bd. of Educ.*, 175 W.Va. 148, 332 S.E.2d 109 (1985); *Wilt v. Flanigan*, 170 W.Va. 385, 294 S.E.2d 189 (1982); *State ex rel. Wilson v. Truby*, 167 W.Va. 179, 281 S.E.2d 321 (1981).

■ There is, we believe, a basic flaw in the procedure utilized by the Board which runs counter to the requirements of W.Va. Code, 18A–2–2. It is clear under this statute that prior to voting on the termination of a teacher's continuing contract, the Board is required to give notice to the teacher and afford the teacher an opportunity to be heard. While this particular section does not specify the amount of notice that should be given, it is clear that under procedural due process concepts reasonable notice must be afforded. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *See generally North v. West Virginia Bd. of Regents*, 160 W.Va. 248, 233 S.E.2d 411 (1977).

It is an established legal principle, as stated in *State ex rel. Hawks v. Lazaro*, 157 W.Va. 417, 440, 202 S.E.2d 109, 124 (1974), that "notice contemplates meaningful notice which affords an opportunity to prepare a defense and be heard on the merits." *See Brown v. Alabama State Tenure Comm'n*, 349 So.2d 56 (Ala.Civ. App.1977); *Tunley v. Anchorage School Dist.*, 631 P.2d 67 (Alaska 1980); *United School Dist. No. 461, Wilson County v. Dice*, 228 Kan. 40, 612 P.2d 1203 (1980); *Fisher v. Independent School Dist. No. 118*, 298 Minn. 238, 215 N.W.2d 65 (1974); *Potts v. Gibson*, 225 Tenn. 321, 469 S.W.2d 130 (1971); *Elwell v. Board of Educ. of Park City*, 626 P.2d 460 (Utah 1981); *Board of Trustees, Laramie County*

and/or licensure."

*School Dist. No. 1 v. Spiegel*, 549 P.2d 1161 (Wyo.1976); 16A Am.Jur.2d *Constitutional Law* § 833 (1979); 16C C.J.S. *Constitutional Law* § 968 (1985); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

In *Green v. Board of Educ. of Marion County*, 133 W.Va. 356, 56 S.E.2d 100 (1949), we concluded that the failure of a school board to give the requisite ten-day notice to a teacher under a forerunner to W.Va.Code, 18A–2–2, vitiated its action in firing the teacher. This statement was made in *Green*, 133 W.Va. at 364, 56 S.E.2d at 104: "We cannot too often repeat that under our system of government no citizen can be condemned of a crime, or deprived of a legal right, without notice and reasonable opportunity to be heard." *See also Simpson v. Stanton*, 119 W.Va. 235, 193 S.E. 64 (1937).

█ Thus, we conclude that under W.Va. Code, 18A–2–2 (1984), where a teacher is to be terminated, the teacher must receive a written notice, served upon the teacher, return receipt requested, stating the cause or causes for the termination, and permitting a reasonable opportunity to be heard before the county board of education prior to the termination.[4]

█ Here we believe reasonable notice was not given to the teachers. The county superintendent's notice letters, which indicated the hearing would be held on March 27, 1987, were received by the teachers on March 25 and March 26, 1987. This limited notice was unreasonable as it deprived the teachers of any opportunity to challenge the bases for their proposed dismissals.

We conclude the teachers are entitled to a writ of mandamus and we, therefore, reverse the judgment of the Circuit Court of Mingo County and remand the case for the entry of an appropriate order granting the writ.

Reversed and Remanded With Directions.

4. We acknowledged in *North v. Board of Regents*, 160 W.Va. at 258, 233 S.E.2d at 417, *citing Goss v. Lopez*, 419 U.S. 565, 582, 95 S.Ct. 729, 740, 42 L.Ed.2d 725, 739 (1975), that a pretermination hearing may not be required where the conduct presents a continuing danger to persons or property or an ongoing threat of disrupting the orderly affairs of the public employer. *See also Waite v. Civil Serv. Comm'n*, 161 W.Va. 154, 166 n. 8, 241 S.E.2d 164, 170 n. 8 (1977).