378 S.E.2d 665

**Jane BURNS, et al.; Homeplace, Inc.; and Save Our Mountains, Inc.**

v.

**George DIALS, Commissioner; Black Gold of West Virginia, Inc.; and Mountain Black Diamond Coal Co., Inc.**

**No. 18692.**

Supreme Court of Appeals of West Virginia.

March 13, 1989.

John McFerrin, Charleston, Ronald A. Shipley, Germantown, Md., for appellants.

Steve Barclay, Asst. Atty. Gen., Charleston, for appellee.

Mark Sorsaia, Hurrican, for Black Gold & Mt. Blk Dia.

MILLER, Justice:

This suit, filed pursuant to the Surface Coal Mining and Reclamation Act (SCMRA), W.Va.Code, 22A–3–1, *et seq.*, challenges the sufficiency of the current application form for surface mining permits. We consider whether the application form is deficient insofar as it does not require the applicant to list violations of environmental laws committed by affiliated companies or individuals.

I.

The defendants, Black Gold and Mountain Black, are joint venturers who propose to conduct surface mining operations on a 125 acre tract of land in Lincoln County. In December, 1987, they filed a joint application for a surface mining permit. Question No. 14 on the application requested a list, for the previous three years, of "all notices of violation[s], and/or cessation orders [for violations of the SCMRA and of environmental statutes or rules] *received, by the applicant,* in West Virginia and any other state." (Emphasis added). In their

answer, the defendants stated that there were no such violations.[1]

Members of the Burns family, the plaintiffs below, are residents of Lincoln County who live in close proximity to the proposed mining site. In early 1988, they filed a citizen suit in the Circuit Court of Kanawha County pursuant to W.Va.Code, 22A–3–25.[2] The purpose of the suit was to compel the Commissioner to comply with the application requirements set forth in the SCMRA. The suit contended, in part, that the application form was insufficient under W.Va. Code, 22A–3–18(b),[3] and administrative rules insofar as it failed to request the compliance history of affiliates.[4] This claim was summarily dismissed in an order entered on June 7, 1988. The court, however, issued a writ of mandamus to require the application to be republished.

Once the mandamus was issued, the Commissioner requested Black Gold and Mountain Black to submit a supplemental application on a revised application form. Question No. 14, as revised, requested a list of environmental violations committed by "any surface coal mining operation owned or controlled by either the applicant or by [any] person who owns or controls the applicant." Attached to their supplemental application was a typewritten list of violations, prepared in answer to Question No. 14. The supplemental application was

approved by the Commissioner in July, 1988.

## II.

W.Va.Code, 22A–3–9, carefully itemizes the contents of the application form for surface mining permits. It also authorizes the Commissioner to request, by administrative rule, "[o]ther information ... reasonably necessary to effectuate the purposes of [the SCMRA]." W.Va.Code, 22A–3–9(a)(19).

Obviously, an applicant's history of compliance with the SCMRA, and with related environmental statutes and rules, is an important factor in the Commissioner's decision whether to issue a permit. For example, W.Va.Code, 22A–3–9(a)(5), specifically requests information concerning the suspension or revocation of a federal or state mining permit or the forfeiture of a performance bond or other security.

Another statute, W.Va.Code, 22A–3–18(c), provides that "[w]here information available" to the Commissioner indicates that the applicant is presently in violation of statute or rule, a permit may not be issued unless proof is submitted that the violation is corrected or to be corrected. Furthermore, the Commissioner may not issue a permit if he determines that the applicant exhibits a "pattern of willful violations ... of such nature and duration

---

1. While the appeal record is incomplete, it appears that Black Gold and Mountain Black substantially revised and resubmitted their application in February, 1988. Question No. 14 on the application, and their answer thereto, remained the same.

2. W.Va.Code, 22A–3–25, provides, in relevant part:

   "[A]ny person having an interest which is or may be adversely affected may commence a civil action in the circuit court of the county to [sic] which the surface-mining operation is located on his own behalf to compel compliance with this article ... [a]gainst the commissioner, department, division, reclamation board of review or appropriate department employees, ... where there is alleged a failure of the above to perform any act or duty under this article which is not discretionary."

3. W.Va.Code, 22A–3–18(b), provides, in relevant part:

"No permit or significant revision of a permit may be approved unless the applicant affirmatively demonstrates and the commissioner finds in writing on the basis of the information set forth in the application or from information otherwise available which shall be documented in the approval and made available to the applicant that ... [t]he permit application is accurate and complete and that all the requirements of this article and regulations thereunder have been complied with[.]"

4. In a second claim, the plaintiffs asserted that the application form was, in its effect, an administrative rule as defined in W.Va.Code, 22A–3–4(b)(1). Since the form was not published and made the subject of public comment, as required by the Administrative Procedures Act, W.Va.Code, 29A–3–1, *et seq.*, they claimed that the form was void *ab initio*. The Commissioner has consented to file the form as an administrative rule, and the parties stipulate that that claim is now moot.

with such irreparable damage to the environment as to indicate an intent not to comply with [the SCMRA]."

To facilitate the receipt of compliance information, the Commissioner adopted an administrative rule, as authorized by W.Va. Code, 22A–3–9, to require additional information on the application. This rule requires the applicant to list violations "received by the applicant or any subsidiary, affiliate or persons controlled by or under common control with the applicant." C.S.R. 38–2–3F.1.[5] All parties concede that the rule is consistent with the purposes of the SCMRA.

 We have repeatedly stated the principle that an administrative agency must abide by its own rules and procedures. As we noted in Syllabus Point 1 of *Hooper v. Jensen*, 174 W.Va. 643, 328 S.E.2d 519 (1985):

> " 'An administrative body must abide by the remedies and procedures it properly establishes to conduct its affairs.' Syl. pt. 1, *Powell v. Brown*, 160 W.Va. 723, 238 S.E.2d 220 (1977)."

We must, therefore, determine whether the current application form conforms to the requirements of C.S.R. 38–2–3F.1. We find that it does not.

There is a threefold focus to the rule. Compliance information must be provided concerning (1) "subsidiaries" and "affiliates" of the applicant, (2) persons "controlled by" the applicant, and (3) persons "under common control with" the applicant. Each of these is distinct.

As the plaintiffs correctly point out, "subsidiaries" and "affiliates" are subordinate entities. These relationships will almost universally be memorialized in a written instrument. To reach other relationships that are not so memorialized, the rule speaks broadly of "control." It is the aim of the rule to require disclosure concerning persons who are subject to the applicant's

control as well as persons who, with the applicant, are subject to the control of another.

We conclude that pursuant to C.S.R. 38–2–3F.1, the application form for a permit under the Surface Coal Mining and Reclamation Act, W.Va.Code, 22A–3–1, *et seq.*, must require the applicant to list environmental violations committed by "any subsidiary, affiliate or persons controlled by or under common control with the applicant."

Quite clearly, the application form used by the Commissioner, and completed by Black Gold and Mountain Black, falls short of the requirements of C.S.R. 38–2–3F.1. It does not even mention or refer to "subsidiaries" or "affiliates." Furthermore, its attempt to codify the "control" requirements set forth in the rule is ambiguous and incomplete. The judgment of the Circuit Court of Kanawha County is, therefore, reversed and the case is remanded.

Reversed and Remanded.

---

5. C.S.R. 38–2–3F.1 reads:
    "Past violations. In addition to the compliance and permit information required by the [SCMRA], each application shall contain a listing of any current or previous permits or pending applications in the United States and a list of all violation notices received by the applicant or any subsidiary, affiliate or persons controlled by or under common control with the applicant in connection with any surface coal mining operation during the three (3) year period preceding the application date, for a violation of any provision of the [SCMRA], or of any law, rule or regulations of the United States, or of any state law, rule or regulations enacted pursuant to federal law, rule or regulations pertaining to air, water or environmental protection."