**Richard LIPP, Plaintiff–Appellant,**

v.

**STATE of Colorado, State Board of Agriculture, University of Southern Colorado, Robert C. Shirley, and Keith Lovin, Defendants–Appellees.**

No. 90CA2090.

Colorado Court of Appeals,
Div. III.

May 21, 1992.

As Modified on Denial of Rehearing
July 2, 1992.

Certiorari Denied Jan. 4, 1993.

Silver, Robinson & Barrick, P.C., George C. Price, Denver, for plaintiff-appellant.

Gale Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Margaret J. Walton, Asst. Atty. Gen., Lee R. Combs, Sp. Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge RULAND.

Plaintiff, Richard Lipp, appeals from the trial court's summary judgment dismissing his complaint against defendants, the State of Colorado, State Board of Agriculture, University of Southern Colorado, Robert C. Shirley, and Keith Lovin. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff was a full-time tenured professor in the English Department at the University of Southern Colorado (USC). In 1985, however, USC decided to implement a reorganization plan which involved, among other things, eliminating remedial reading and remedial English composition courses. Consequently, plaintiff and other faculty members who taught those courses were to be laid off effective May of 1987.

Plaintiff and 12 other faculty members challenged their layoffs. Defendant State Board of Agriculture, as governing body of USC, upheld plaintiffs' terminations. However, the district court later reversed the Board's decision, ruling that the proper contractual procedure was not followed. The district court, therefore, ordered USC to reinstate plaintiffs' employment.

An appeal was taken to this court, and after the denial of a stay pending appeal, USC reinstated all plaintiffs.

While the first appeal was pending, defendants instituted another reduction in force and again terminated plaintiffs' employment. Plaintiff and three other USC employees sought administrative review once more, specifically alleging for the first time that USC had failed to provide early retirement, retraining, and other benefits pursuant to § 23–1–107(4), C.R.S. (1988 Repl. Vol. 9). The Board sustained the terminations and concluded that the statute was inapplicable to layoffs.

Plaintiff and the other employees again sought judicial review. However, while the case was pending in district court, this court reversed the first district court judgment that invalidated the original terminations. *See Ahmadieh v. State Board of Agriculture*, 767 P.2d 746 (Colo.App.1988). Because *Ahmadieh* upheld the original terminations, the district court dismissed the claims in the second case as moot.

Plaintiff and the three other employees then appealed the district court's determination that the case was moot. A panel of this court affirmed the district court's determination, and it determined that the claims asserted under § 23–1–107(4) were

properly dismissed under the doctrine of *res judicata*. The panel explained that to avoid the bar of *res judicata*, claims under that statute would have to have been raised at some point prior to the conclusion of the administrative proceedings for review of the first termination. *See Clay v. University of Southern Colorado*, (Colo.App. No. 88CA1815, September 27, 1990) (not selected for official publication).

Plaintiff filed a complaint in this proceeding in March of 1988. As pertinent here, in his complaint, plaintiff claimed that USC violated his rights under the rehire statute, Colo.Sess.Laws 1987, ch. 151, § 23–10–204 at 851 (repealed effective May 1, 1988) when it failed to hire him for positions that opened after April 1985 (the date USC announced termination of the remedial reading courses) and again after May of 1987 (the date plaintiff actually ceased employment). Finally, plaintiff also claimed that under § 23–1–107(4), the Board failed to develop and offer retirement benefits and programs for displaced faculty.

Defendants answered and thereafter the parties filed cross-motions for summary judgment. While the motions were pending, plaintiff requested that certain depositions be taken as further factual support for his motion. Defendants resisted on the grounds that their motion was based, in part, upon the Governmental Immunity Act and that, therefore, discovery was barred under § 24–10–108, C.R.S. (1988 Repl. Vol. 10A). Thereafter, the trial court granted defendants' motion and denied plaintiff's.

## I

Plaintiff contends that the trial court erred in rejecting his claim pursuant to the rehire statute. Specifically, plaintiff argues that there are material issues of fact as to whether he was qualified for and, therefore, should have been hired for USC positions opening after April of 1985 and after May of 1987. We agree in part.

## A

■ Contrary to plaintiff's contention, we conclude that USC had no statutory obligation to offer positions to plaintiff for which he was qualified on dates prior to May of 1987, when plaintiff actually ceased working for USC. Prior to its repeal on May 1, 1988, § 23–10–204 stated:

> Following any termination of employment ... when additional faculty members are to be hired at any institution under the board's governance, *those positions for which the reduced faculty members are qualified* shall be offered first to those faculty members whose contracts were cancelled last and continue to be offered through the list of those whose contracts were cancelled first ... for a period of three years from the date of individual termination. (emphasis added)

■ In construing a statute, if the meaning of the language used is clear, we discern the legislative intent from the words used. And, we must apply the statute as written. *See Sigman v. Seafood Limited Partnership I*, 817 P.2d 527 (Colo. 1991); *Portofino Corp. v. Board of Assessment Appeals*, 820 P.2d 1157 (Colo.App. 1991).

Here, § 23–10–204 imposes the rehire obligation upon USC "following any *termination* of employment." (emphasis added) "Termination of employment" occurs upon the complete severance of the relationship of employer and employee. *See Black's Law Dictionary* 1641 (4th ed. 1968). Accordingly, plaintiff had no rights under the statute until his employment was actually severed in May of 1987.

## B

■ With reference to positions opening after plaintiff was terminated, notwithstanding the repeal of the statute in May of 1988, we agree that the statute afforded plaintiff rehire rights for a period of three years from the date he was actually terminated. This is because plaintiff filed his complaint prior to the date of repeal, and thus, benefits of the statute remain in effect for a period of three years from the date of his termination. *See* § 2–4–303, C.R.S. (1980 Repl.Vol. 1B); *Lockhart v.*

*Board of Education,* 735 P.2d 913 (Colo. App.1986).

### C

■ Relying upon *Jones v. Hopper,* 410 F.2d 1323 (10th Cir.1969), the trial court concluded that USC's determination that plaintiff was not qualified for positions which opened through the date the statute was repealed was conclusive. The *Jones* court held that the judiciary should not review decisions of educational institutions on whether an instructor should or should not be hired, promoted, or granted tenure because these decisions call for highly subjective determinations as to a teacher's competence or qualifications.

■ We do not view *Jones,* however, as dispositive. In construing § 23–10–204, we are obliged to carry out the intent and purpose of the General Assembly in adopting the statute. *See* § 2–4–212, C.R.S. (1980 Repl.Vol. 1B); *Sigman v. Seafood Limited Partnership I, supra.* That purpose obviously was to grant a preference for former faculty members who are qualified for positions opening for three years after the date of their terminations. Otherwise, there would be no reason to adopt the statute.

Given this purpose, we conclude that, to the extent plaintiff claims that he was not retained for a position for which he was qualified, the court must review those contentions if there are genuine issues of fact as to his qualifications. Otherwise, plaintiff is afforded no protection from any violation of his rights under the statute.

■ We further conclude that within the context of the statute, the term "qualification" is not a standard left entirely to subjective evaluation. Qualifications imposed as prerequisites for a position must be objective, reasonable, legitimate, and necessary. *See Hooper v. Jensen,* 174 W.Va. 643, 328 S.E.2d 519 (1985) (fn. 7); *see also AT & T Technologies, Inc. v. Royston,* 772 P.2d 1182 (Colo.App.1989). Indeed, USC included specific qualifications requirements for each position in its job announcement.

### D

■ We must next address USC's contention that summary judgment was proper because plaintiff was not qualified for any of the positions which opened after May of 1987. Our review of the documents submitted in support of the motion for summary judgment persuade us that genuine issues of fact exist which must be resolved in a trial on the merits.

■ On a motion for summary judgment, if there is any doubt whether genuine issues of fact exist, that doubt must be resolved in favor of the non-moving party. *See Jones v. Dressel,* 623 P.2d 370 (Colo. 1981).

Here, in rejecting plaintiff for two positions, and notwithstanding the qualifications stated in USC's position announcement, an affidavit indicates that the search committee established its own criteria for the positions. However, we cannot determine from the affidavit whether these criteria were in addition to, different than, or even relevant to plaintiff's qualifications. *See AT & T Technologies, Inc. v. Royston, supra.*

To the extent that one affidavit contains an "after the fact" opinion to the effect that plaintiff is not qualified, we note that no consideration is given in that affidavit either to all of the qualifications stated in the job announcement as compared to plaintiff's resume or to the concept of preference contained in the statute.

Conversely, a review of plaintiff's resume and a comparison of that resume with the qualifications stated by USC for the positions at issue reflect that, based on the documentation, he appeared to be qualified.

Under these circumstances, genuine issues of fact exist for resolution at trial.

### E

■ Contrary to USC's contention, on the record before us, we are unable to conclude that plaintiff had no right under the statute to apply for administrative posi-

**46**

tions. Indeed, USC in the documents submitted in support of the summary judgment acknowledges having hired other terminated faculty members for administrative positions. In addition, certain minutes of a committee meeting reflect that one administrative position was offered only to former faculty members who were terminated. Under these circumstances and considering that discovery was not completed, plaintiff should be permitted to attempt to establish that USC was estopped to contend that employment under the statute was limited to teaching positions only.

**F**

 Contrary to USC's contention, we do not view plaintiff's claim for protection under the statute as founded in tort. Given the purpose of the statute, we view the claim as one of a contractual nature. *See Julesburg School District No. RE–1 v. Ebke,* 193 Colo. 40, 562 P.2d 419 (1977); *see also Hoffsetz v. Jefferson County School District No. R–1,* 757 P.2d 155 (Colo.App. 1988) (under Governmental Immunity Act, school district does not have immunity for damages for intentional breach of contract).

**G**

 Finally, we reject USC's contention that plaintiff's claim under § 23–10–204 is barred by the doctrine of *res judicata.* Unlike the claim for early retirement benefits under § 23–1–107(4), as noted in part IA of this opinion, plaintiff was not entitled to assert a claim under the rehire statute until his employment was finally severed and positions were offered for which he was not selected.

**II**

Plaintiff contends that the trial court erred in ruling that he was barred, under the doctrine of *res judicata,* from raising a claim for early retirement benefits under § 23–1–107(4). Specifically, plaintiff argues that there is no evidence showing that a claim for early retirement benefits was litigated in a previous proceeding. We find no merit in this contention.

We view the decision of this court in *Clay v. University of Southern Colorado, supra,* as dispositive of this contention and we therefore affirm the trial court's resolution of this issue.

Because of our resolution of plaintiff's contentions in part I of this opinion, it is unnecessary to address plaintiff's assertion that he was improperly precluded from conducting appropriate discovery in support of his claims.

The judgment dismissing plaintiff's claims under § 23–1–107(4) is affirmed. The judgment dismissing plaintiff's claims under § 23–10–204 is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

METZGER and JONES, JJ., concur.