369 S.E.2d 224

**Alice M. HARKINS**

v.

**The OHIO COUNTY BOARD OF EDUCATION and Roy Truby, Superintendent of Schools for the State of West Virginia.**

No. 17454.

Supreme Court of Appeals of West Virginia.

March 8, 1988.

---

William B. McGinley, Charleston, for Alice M. Harkins.

David Joel, Wheeling, for Ohio County Bd. of Educ. and Roy Truby.

PER CURIAM:

In January of 1981, Alice Harkins was given a teaching contract as a full-time substitute for the second semester of the 1980–81 school year on a probationary teacher contract form. Mrs. Harkins signed this contract but attached a statement asserting that her signature should not be construed as a waiver of her right to a continuing contract of employment. Mrs. Harkins filed a grievance with the Ohio County Board of Education alleging that as a substitute teacher, she was a regular, full-time employee who should be granted the rights and benefits of a full-time employee and that after five years she was entitled to a continuing contract.

■ After a hearing before the Ohio County Board of Education, the Board voted to deny Mrs. Harkins' grievance. Mrs. Harkins then appealed to the State Superintendent of Schools. In his decision, the State Superintendent of Schools stated that Mrs. Harkins could count school years 1977–78 and 1980–81 for tenure purposes but agreed with the Ohio County Board of Education that Mrs. Harkins had not yet acquired tenure. On appeal, the Circuit Court of Ohio County concluded that the State Superintendent of Schools was correct, and because Mrs. Harkins had not acquired a third year for tenure purposes, she was not entitled to a continuing contract. We disagree. We believe Mrs. Har-

kins is entitled to count all four years for tenure purposes toward a continuing contract.

Mrs. Harkins worked a total of about 152 days during the 1976–77 school year; a total of about 177 days during the 1977–78 school year; 4 days on an as-needed basis during the first semester of the 1978–79 school year; a total of about 147 days during the 1979–80 school year; and worked full-time for a total of 200 days during the 1980–81 school year. The Ohio County Board of Education took the position that only full-time substitutes who taught as such for three consecutive years are entitled to a continuing contract in the fourth year. Because the 1980–81 school year was the first year that Mrs. Harkins was formally classified as a full-time substitute, the Board of Education did not believe that Mrs. Harkins was entitled to a continuing contract.

Our understanding of this case is instructed by the State Superintendent of Schools' reasoning in his decision in this case, where he says:

"One must work 133 days in order to receive credit for a year of teacher's experience for pay increment purposes. *See State Superintendent's Interpretations* 'Teacher—Salary.' March 11, 1966 (SDE) and October 1, 1968 (36). This same measure often is used for determining tenure when a teacher has earned tenure (i.e., continuing contract status)."

■ We have consistently held that "school personnel regulations are to be strictly construed in favor of the employee." Syllabus Point 1, *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979). Clearly, the Board of Education entered into written contracts with Mrs. Harkins for the periods during which she was employed on a substantially full time basis. Based on *W. Va. Code*, 18A–2–2 [1984], each of these contracts was for not less than one year. Furthermore, while she has been employed by the Ohio County Board of Education, Mrs. Harkins has received all of the benefits of a full time employee.

Under *W.Va.Code,* 18A–2–2 [1984], which provides in pertinent part that after three years of acceptable employment a teacher will be granted a continuing contract, we note that the petitioner worked more than 133 days in school years 1976–77, 1977–78, 1979–80, and 1980–81. Therefore, the petitioner's written contracts for the years 1976–77, 1977–78, and 1979–80 entitled her to a continuing contract when she received her 1980–81 contract. The circuit court erred when he failed to give the petitioner tenure credit for the 1976–77 and 1979–80 school years.

Accordingly, the judgment of the Circuit Court of Ohio County is reversed and this case is remanded with directions that the petitioner be given a continuing teacher contract with any back pay and benefits to which she would be entitled from the time that she should have received a continuing contract for the school year 1980–81.

Reversed and remanded with directions.