531 S.E.2d 664

The **BOARD OF EDUCATION OF the COUNTY OF MERCER,** Petitioner below, Appellee,

v.

**Kitty TOWNSEND,** Respondent Below, Appellant.

No. 26600.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 12, 2000.

Decided April 25, 2000.

Dissenting Opinion of Justice Starcher July 20, 2000.

J.W. Barringer, Esquire, Feuchtenberger & Barringer Legal Corp., Princeton, West Virginia, William B. McGinley, West Virginia Education Association, Charleston, West Virginia, Attorneys for Appellant.

Kathryn Reed Bayless, Esquire, Bayless & McFadden, Princeton, West Virginia, Attorney for Appellee.

PER CURIAM:

Appellant Kitty Townsend appeals from the September 24, 1998, decision of the Circuit Court of Mercer County, reversing, in part, an administrative decision concerning a non-selection grievance filed by Appellant against the Respondent Board of Education of Mercer County (the "Board"). Upon a full examination of the record submitted to this Court, we conclude, based on error that is apparent from the lower court's order, that this matter must be reversed and remanded for further proceedings consistent with this opinion.

On August 22, 1996, the Board posted a second grade teaching position for Wade Elementary School. Included among the thirty-four applicants for the position were Appellant and Sherri Foy. Following the award of the classroom teaching position to Ms. Foy, Appellant filed a grievance pursuant to the provisions of West Virginia Code §§ 18–29–1 to –11 (1999). Appellant challenged the Board's decision on the ground that she was more qualified than Ms. Foy. At the conclusion of level four of the grievance proceedings, ALJ Jennifer Meeks ruled, in a decision dated November 4, 1997, that Appellant should be granted one year of seniority based on her 1989–90 year of substitute teaching[1] and remanded the matter back to the Board for a reassessment of each of the applicants' qualifications.[2]

The Board appealed from the ALJ's decision, but complied with the administrative directive during the pendency of the appeal by reassessing the applicants' qualifications. Following its completion of the reassessment process, the Board again awarded the teaching position to Ms. Foy. Appellant did not file a grievance in connection with the Board's second decision that Ms. Foy was the most qualified individual for the classroom teaching position.[3]

When the circuit court ruled in connection with the Board's appeal from the November 1997 ALJ decision, Judge Knight reversed the ALJ's decision on the *limited* ground that the level four ruling "was clearly wrong and contrary to law to the extent that such ruling permitted the retroactive application of *W.Va.Code* § 18A–4–7a (paragraph 3) for seniority prior to the date of enactment of said statutory provision on August 31, 1990."[4] Through her appeal to this Court, Ms. Townsend seeks a reversal of the circuit court's order and a reinstatement of the ALJ's ruling that she is entitled to one-year of seniority toward future job applications.[5]

---

1. Appellant worked as a substitute teacher for the entirety of the 1989–90 school year.

2. The ALJ required the reassessment based on the fact that certain individuals had removed themselves from the pool of applicants and should not have been included in the assessment process pursuant to established Grievance Board procedures and also because the Board failed to properly calculate the seniority of various applicants.

3. In making its reassessment of the candidates for the posted teaching position, the Board took into consideration the one year of seniority that ALJ Meeks had concluded that Appellant was to be awarded for her full year of substitute teaching in 1989–90.

4. The circuit court's September 24, 1998, order further provides that "no relief be awarded herein to the respondent [Appellant Townsend]."

5. The Legislature clarified, through the enactment of West Virginia Code § 18A–4–7a, that any seniority acquired through substitute teaching could be used only for job application purposes.

Appellant does not seek the classroom position which was awarded to Ms. Foy.

At the center of this matter is the enactment of West Virginia Code § 18A–4–7a (1997), which became effective on August 31, 1990. The pertinent provisions of the statute provide that:

> Upon completion of one hundred thirty-three days of employment in any one school year, substitute teachers shall accrue seniority exclusively for the purpose of applying for employment as a permanent, full-time professional employee. One hundred thirty-three days or more of said employment shall be prorated and shall vest as a fraction of the school year worked by the permanent, full-time teacher.

W.Va.Code § 18A–4–7a. With the enactment of subsection 7a, a substitute teacher only acquires seniority for the actual number of days spent teaching in the classroom pursuant to a pro rata formula. For example, a substitute teacher who taught 150 days of a 200–day school year would acquire $^{150}\!/_{200}$ or $\frac{3}{4}$ of a year's seniority.

■ Prior to the enactment of subsection 7a, some county boards of education had a practice of awarding a full year of seniority to those substitute teachers who worked more than 133 days of a 200–day school year.[6] The parties are in agreement, however, that Mercer County did not utilize this method of awarding seniority to its substitute teachers.[7] Through the codification of subsection 7a, the Legislature resolved the manner in which seniority was to be calculated for substitute teachers and clarified the limited use for such seniority. As we explained in syllabus point four of *Triggs v. Berkeley County Board of Education,* 188 W.Va. 435, 425 S.E.2d 111 (1992),

> Seniority for professional employees of a county board of education is based on "regular, full-time" professional employment and the only seniority that a substitute teacher can earn is "exclusively for the purpose of applying for employment" and this limited employment preference accrues "[u]pon completion of one hundred thirty-three days of employment in any one school year." *W.Va.Code,* 18A–4–7a [1990].

■ Much confusion has resulted from the lower court's conclusion that the ALJ's decision to award one year of seniority to Appellant for her 1989–90 year of substitute teaching was based upon a wrongful retroactive application of West Virginia Code § 18A–4–7a. A careful reading of the lengthy administrative ruling demonstrates that ALJ Meeks fully appreciated the fact that the enactment of subsection 7a did not become effective until August 31, 1990, and even more importantly, that the statutory provision in issue could be applied only in a prospective manner.[8] This is demonstrated by

---

See Syl. Pt. 4, *Triggs v. Berkeley County Bd. of Educ.,* 188 W.Va. 435, 425 S.E.2d 111 (1992).

**6.** The following advisory letter issued by the State Superintendent of Schools, which references the practice of utilizing 133 days as a benchmark for pay and tenure purposes, is cited as authority for this practice:
"One must work 133 days in order to receive credit for a year of teacher's experience for pay increment purposes. *See State Superintendent's Interpretations* 'Teacher—Salary.' March 11, 1966 (SDE) and October 1, 1968(36). This same measure often is used for determining tenure when a teacher has earned tenure (i.e., continuing contract status)."
*See Harkins v. Ohio County Bd. of Educ.,* 179 W.Va. 373, 374, 369 S.E.2d 224, 225 (1988).

**7.** While the sparse record sent to this Court does not document the pervasiveness of this practice of awarding a year of seniority upon completion of 133 days as a substitute teacher, it appears that Kanawha, Brooke, Hancock and Marshall Counties did adopt this method of calculating seniority. When Appellant was asked during oral argument as to the number of counties that did not follow this practice, the non-specific answer provided was, "I don't know. At least two."

**8.** The fact that ALJ Meeks fully comprehended and correctly applied subsection 7a can be gleaned, in part, from the ALJ's observance that, because Ms. Foy's substitute teaching occurred after the enactment of subsection 7a, she should have been given a pro rata seniority calculation for her periods of substitute teaching for each year she worked in excess of 133 school days. At the same time, however, the ALJ found that the provisions of subsection 7a, which required a pro rata calculation of seniority, did not affect Appellant as her substitute teaching occurred prior to its enactment.

the discussion included in the ALJ's decision devoted to the issue of seniority. As an introduction to the issue, ALJ Meeks differentiates between the current method of calculating seniority for substitute teachers, as set forth in West Virginia Code § 18A–4–7a, and the previous method, which was controlled by West Virginia Code § 18A–4–8b(a). In explanation of the prior method, the ALJ first quoted from subsection 8b(a): "The seniority of professional personnel shall be determined on the basis of the length of time the employee has been professionally employed by the county board of education ... Employment for a full employment term shall equal one year of seniority[.]" [9] Continuing the discussion, the ALJ states that:

[u]nder this provision, a substitute teacher was credited with one year of seniority when he or she worked as a substitute for 133 days or more during one school year. Further, if the substitute later became regularly employed, he or she retained any credited seniority due to substitute service as part of his or her permanent seniority. The statutory amendments to *W.Va.Code* § 18A–4–7a which altered this method of calculating seniority were enacted in the third executive session of the 1990 Legislature, and became effective August 31, 1990.

After contrasting the two mechanisms used for calculating substitute seniority, the ALJ discusses how the West Virginia Education and State Employees Grievance Board ("Grievance Board") had adopted a practice, beginning with its *Hoffman* decision,[10] of "appl[ying] the statute [W.Va.Code § 18A–4–

7a] as it is currently written, without regard for any seniority accrued pursuant to the earlier provisions through working as a substitute prior to August 31, 1990." Relying primarily on *Landers v. Kanawha County Board of Education*,[11] a circuit court decision authored by the Honorable Charles E. King, the ALJ determined that the Grievance Board had been wrong to apply subsection 7a in a manner that deprived teachers of substitute seniority that had accrued and been awarded to them prior to the enactment of subsection 7a.[12] In her decision, ALJ Meeks expressly overruled the *Hoffman* line of cases,[13] stating

The *Hoffman* line of cases is found to be in error, and we abandon application of the current statutory provisions to substitute service performed prior to their enactment. *Hoffman* and its progeny are hereby expressly overruled, to the extent that they applied retroactively statutory changes which became effective August 31, 1990.... Service as a substitute teacher for 133 days or more in any single school year, which was credited towards one's seniority prior to August 31, 1990, may be retained.

Upon review, it is patently clear that ALJ Meeks only used the term "retroactively" in specific reference to the Grievance Board's application of subsection 7a in a manner which failed to take into consideration any seniority acquired by teachers through substitute teaching prior to the effective date of subsection 7a. Contrary to the circuit court's suggestion, the ALJ did *not* apply subsection 7a in a retroactive fashion to con-

9. *See infra* note 15.

10. *Hoffman v. Kanawha County Bd. of Educ.*, Docket Nos. 91–20–278/279 (Jan. 31, 1992).

11. Civil Action No. 92–AA–323 (April 5, 1995, Kanawha County, W.Va.).

12. In *Landers*, the circuit court determined that seniority that had been earned by substitute teachers prior to August 31, 1990, was to be retained by such teachers. In resolving the *Landers* case, Judge King relied on a November 14, 1990, interpretation of the State Superintendent of Schools, which stated:

Please be advised that I interpret *W.Va.Code*, § 18A–4–7a to be effective upon passage, August 31, 1990. Seniority rights for substitute

personnel prior to that date are to be determined using prior statutory provisions and case law. Accrual of seniority by substitute teachers under *W.Va.Code*, § 18A–4–7a is not retroactive and only occurs for the current school year and thereafter.

13. While the Board argues extensively in its briefs that the ALJ wrongly looked to or applied the *Hoffman* line of cases to the case sub judice, that issue is not pertinent to resolution of the matter before us. We do observe, however, that *Hoffman* was decided in the context of determining whether seniority acquired as a substitute teacher could be used to bolster an individual's total seniority in the face of a reduction in force.

clude that Appellant was entitled to one year of seniority for her substitute teaching during the 1989–90 school year. Instead, the ALJ looked to the practice that some counties [14] employed before the enactment of subsection 7a of awarding a full year of seniority to those teachers who had worked as a substitute teacher for at least 133 days of a given school year as the *sole* basis for her determination that Appellant was entitled to one year of seniority.[15] The record in this case makes clear that no retroactive application of subsection 7a occurred. Thus, the lower court erred in determining that a reversal of the ALJ's decision was required based on the fact "that such ruling permitted the retroactive application of *W.Va.Code* § 18A–4–7a ... prior to the date of enactment of said statutory provision on August 31, 1990."

■ Given our conclusion that the circuit court erred in ruling that the ALJ retroactively applied West Virginia Code § 18A–4–7a, there is no basis for the lower court's reversal of the grievance decision. *See generally* W.Va.Code § 18–29–7 (delineating grounds for reversal of grievance rulings). We explained in syllabus point one of *Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989), that "[a] final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va. Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong." Since we have found error with the lower court's ruling that the administrative decision was "clearly wrong," the lower court's reversal of the administrative ruling cannot be upheld. *See* W.Va.Code § 18–29–7.

■ Having determined that the ALJ did not rely upon a retroactive application of subsection 7a to award Appellant one year of seniority, we turn next to the issue of whether the ALJ was correct in granting Appellant this year of seniority. The Board argues that in awarding the one year of seniority, the ALJ wrongfully assumed facts not in evidence. Since Appellant failed to introduce any evidence below [16] with regard to the practices of Mercer County, the Board contends that the ALJ erred in assuming that Mercer County followed the practice of awarding a year of seniority upon the completion of 133 days of substitute teaching prior to the enactment of subsection 7a. While the parties represent on appeal that Mercer County did not follow this practice, no evidence was introduced on this issue below. Without evidence to substantiate that Mercer County employed such a practice, the Board argues that even the reasoning of the ALJ's decision fails to support the award of seniority to Appellant. Citing the ALJ's conclusion that "[s]ervice as a substitute teacher for 133 days or more in any single school year, which was credited towards one's seniority prior to August 31, 1990, may be retained[,]" the Board maintains that the ALJ was without authority to make such an award *sua sponte* since the Board had never "credited" Appellant with one year of seniority prior to the enactment of subsection 7a.

Given the absolute dearth of evidence submitted below on the issue of Mercer County's practices concerning substitute seniority, this Court cannot determine whether Appellant should have been awarded a year of seniority for her substitute teaching during 1989–90. Accordingly, we find it necessary to remand this matter for evidentiary proceedings to permit the parties to address the practice employed by Mercer County with regard to awarding seniority for substitute teaching prior to August 31, 1990. If, upon remand, it is determined that Mercer County never awarded seniority to any teachers for substitute teaching during the pertinent time peri-

**14.** *See supra* note 7.

**15.** While not necessary to the resolution of this case, we observe that this practice of awarding a full year of seniority following employment for at least 133 days of the school year appears to be in conflict with the terms of the previous statute. Included among the provisions of the former statute, West Virginia Code § 18A–4–8b(a), was language requiring that "[e]mployment for less than the full employment term shall be prorated." *Id.*

**16.** As the Board emphasizes, the grievant has the burden of proving by a preponderance of the evidence the facts necessary to establish her claim in a non-selection case.

**290**

od, then ALJ Meeks was clearly without authority in awarding Appellant one year of seniority. On the other hand, if the evidence introduced clearly demonstrates that there was a uniform statewide policy in effect during the relevant time period, that policy should be heavily weighted in considering the issue of whether the ALJ was correct in awarding the one year of seniority to Appellant for her year of substitute teaching. *See Wood County Bd. Of Educ. v. Smith* 202 W.Va. 117, 120, 502 S.E.2d 214, 217 (1998) (discussing issue of conflicting state superintendent positions and stating that current interpretation should be accorded great weight unless such interpretation is clearly wrong).

Based on the foregoing, this matter is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Justice McGRAW, deeming himself disqualified, did not participate in the decision in this case.

Justice McHUGH, sitting by temporary assignment.

STARCHER, Justice, dissenting:

(Filed July 20, 2000)

This *per curiam* opinion is most decidedly *not* authority for anyone to conclude that the previous practice (pre–1990) of awarding up to a year's seniority for "substitutes" who worked 133 days or more in a year's teaching employment is in conflict with the then-applicable law.

A settled line of cases before the State Employee Grievance Board, a state superintendent's interpretation, and this Court's decision in *Harkins v. Ohio County Board of Education,* 179 W.Va. 373, 369 S.E.2d 224 (1988) (*per curiam*) dictates this conclusion, as does a review of the applicable statutory language.

On remand, the Administrative Law Judge should *follow the law,* not *dicta* in a *per curiam* footnote. Then the Administrative Law Judge's analysis may be tested in an appeal of the issue, if a party challenges it. Meanwhile, no one should presume to interfere with the hard-earned seniority of our state's full-time teachers—whether they are called "substitutes" or otherwise.