557 S.E.2d 769

## The BOARD OF EDUCATION OF the COUNTY OF MERCER, Petitioner Below, Appellee

v.

## Kitty TOWNSEND, Respondent Below, Appellant.

### No. 29838.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 6, 2001.

Decided Nov. 29, 2001.

Kathryn Reed Bayless, Bayless & McFadden, Princeton, for Appellee.

John W. Barringer, Feuchtenberger & Barringer Legal Corp., Princeton and William B. McGinley, West Virginia Education Association, Charleston, for Appellant.

PER CURIAM:

This is an appeal by Kitty Townsend from a decision of the Circuit Court of Mercer County which held that Ms. Townsend was not entitled to seniority credit, in support of a job application with the Mercer County Board of Education, for time which she spent working as a substitute teacher for the Board during the 1989–1990 school year. On appeal, Ms. Townsend claims that the circuit court erred in holding that she was not entitled to the seniority credit.

## I.

### FACTS

The appellant, Kitty Townsend, who was classified as a substitute teacher, worked for the Mercer County Board of Education for more than 133 days during the 1989–1990 school year. Ms. Townsend was a fully certified teacher and substituted for the same absent teacher during the entire school year.

On August 22, 1996, the Mercer County Board of Education posted a notice of a vacancy for a full-time second grade teaching position in one of its schools. Thirty-four individuals applied for the job, including Ms. Townsend and one Sherry Foy. Before the vacancy was filled, all applicants for the job withdrew, or accepted other positions, except Ms. Townsend and Ms. Foy. Ultimately, the Mercer County Board of Education selected Ms. Foy for the position, and the appellant, who felt that her qualifications were superior, filed a grievance. The grievance was denied at Level II, and at Level III the Board of Education waived the matter to Level IV of the grievance procedure. At Level IV, an administrative law judge examined the case and rendered a decision on the basis of the record developed at Level II. The administrative law judge granted the grievance in part, and among other things, held that Ms. Townsend should be granted a year of seniority credit for her substitute teaching during the 1989–1990 school year.

The Board of Education appealed the administrative law judge's decision to the Circuit Court of Mercer County, and the circuit court reversed the administrative law judge's decision. The circuit court reasoned that W. Va.Code 18A–4–7a(g), which went into effect after Ms. Townsend had completed her substituted teaching during the 1989–1990 school

year, applied retroactively and precluded Ms. Townsend from receiving the seniority credit which she sought.[1]

Ms. Townsend appealed the decision of the circuit court to this Court, and in *Board of Education of the County of Mercer v. Townsend*, 207 W.Va. 285, 531 S.E.2d 664 (2000), this Court reversed the circuit court's ruling on the ground that W. Va.Code 18A–4–7a did not apply retroactively. This Court did not rule, however, on the underlying issue in the case, that is, Ms. Townsend's entitlement to seniority credit. Instead, the Court remanded the case to the Circuit Court of Mercer County with directions that the circuit court develop evidence on the issue of what the practices of the Mercer County Board of Education had been before W. Va.Code 18A–4–7a went into effect concerning substitute seniority. The Court stated: "If, upon remand, it is determined that Mercer County never awarded seniority to any teachers for substitute teaching during the pertinent time period, then ALJ Meeks was clearly without authority in awarding Appellant [Ms. Townsend] one year of seniority." *Id.* at 289–90, 531 S.E.2d at 668–69. On the other hand, the Court inferred that if credit had been given to other teachers, then Ms. Townsend should have such credit. Additionally, the circuit court was directed to determine if there was a statewide policy in effect at the time of Ms. Townsend's substitute service. This Court stated: "[I]f the evidence introduced clearly demonstrates that there was a uniform statewide policy in effect during the relevant time period, that policy should be heavily weighed in considering the issue of whether the ALJ was correct in awarding one year of seniority to Appellant for her year of substitute teaching." *Id.* at 290, 531 S.E.2d at 669.

Upon remand, the Circuit Court of Mercer County conducted an evidentiary hearing, as directed by this Court, and at that hearing, Dr. Deborah Akers, Superintendent of the Mercer County School System, initially testified that substitutes were not given seniority credit when they applied for permanent positions prior to August 31, 1990, when W. Va.Code 18A–4–7a went into effect. Upon further questioning, however, she admitted that as a result of adverse administrative decisions, which were not appealed, the Mercer County Board of Education had granted long-term substitute teachers seniority credit in conjunction with their applications for full-time employment.

During the hearing, counsel for Ms. Townsend also introduced a large number of administrative decisions from the West Virginia Education and State Employees Grievance Board indicating that in a number of counties, long-term substitute teachers were granted seniority credit. Certain of those decisions plainly indicated that a substitute was entitled to seniority toward a full-time or continuing contract and followed the *per curiam* ruling of this Court in *Harkins v. Ohio County Board of Education*, 179 W.Va. 373, 369 S.E.2d 224 (1988), where the Court directed the granting of such credit. Finally, an interpretation from the State Superintendent of Schools covering the time period in question was introduced. That interpretation stated: "Once a substitute teacher has worked 133 days in some school year, she or he continues afterwards to earn seniority day by day as long as she or he remains a substitute. The substitute [must] work 133 days each school year in order to earn seniority for the year."

Apparently, based upon Ms. Akers' initial testimony that substitutes were not given seniority credit, the circuit court concluded that the Board of Education of Mercer County did not have the practice of awarding

---

1. West Virginia Code 18A–4–7a(g), which went into effect on August 31, 1990, after Ms. Townsend completed her substitute teaching for the 1989–1990 school year provided:

    Upon completion of one hundred thirty-three days of employment in any one school year, substitute teachers, except retired teachers and other retired professional educators employed as substitutes, shall accrue seniority exclusively for the purpose of applying for employment as a permanent, full-time professional employee. One hundred thirty-three days or more of said employment shall be prorated and shall vest as a fraction of the school year worked by the permanent, full-time teacher.

    Under this, a substitute teacher only acquires seniority for the actual number of days spent teaching in the classroom pursuant to a pro rata formula.

substitutes seniority where applications for permanent positions were involved in the time period relevant to Ms. Townsend's claim. The court also reasoned that, although statewide substitutes had been granted seniority credit toward such things as pay, they had not received seniority toward full-time employment. Consequently, the circuit court ruled that Ms. Townsend was not entitled to the seniority which she sought. It is from that decision that Ms. Townsend now appeals.

## II.

### STANDARD OF REVIEW

This Court has held that: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

### III.

### DISCUSSION

In the earlier decision in this case, *Board of Education of the County of Mercer v. Townsend, supra*, this Court discussed the principles of law which should determine the ultimate resolution of this case. The Court indicated that if factually, upon remand, it was shown that the Board of Education of Mercer County had never awarded any teacher seniority for substitute teaching time, then Ms. Townsend should be denied such seniority. The Court, on the other hand, indicated that if no such evidence was introduced, and if evidence was introduced clearly demonstrating that there was a uniform statewide policy in effect during the relevant time period, then the policy should weigh heavily in favor of granting Ms. Townsend seniority.

As has been previously stated, the circuit court upon remand concluded that factually the Board of Education of Mercer County did not have the practice of awarding substitute seniority where applications for permanent positions were involved during the relevant time. Also, the court found that where there was a statewide policy of awarding seniority for such things as pay, such seniority did not apply where the initial application process was involved.

In reviewing the circuit court's decision, this Court believes that the circuit court did not plainly address the question of whether any teacher had ever been awarded seniority during the relevant time period, and in further reviewing the evidence adduced, the Court finds that, in fact, at least one teacher had been granted such seniority. Further, contrary to the circuit court's finding that there was no statewide practice of granting seniority toward continuing employment, the evidence does suggest that there was a widespread statewide practice of granting seniority toward continuing employment during the relevant time period and that that practice was apparently grounded, in part, on this Court's *per curiam* holding in *Harkins v. Ohio County Board of Education, supra.*

In view of the nature of the evidence adduced, the Court believes that the circuit court clearly erred in suggesting that no teacher had been awarded seniority, and that under the circumstances, as well as the principles set forth in the first opinion in this matter, and the additional evidence in the case, the judgment of the circuit court should be reversed and that this case should be remanded with directions that Ms. Townsend be granted the seniority which she seeks.

For the reasons stated, the judgment of the circuit court is reversed, and this case is remanded for disposition consistent with this opinion.

Reversed and remanded.